35 C.C.P.A. (Patents)

APOLLO SHIRT CO. v. ENRO SHIRT CO., Inc.

Patent Appeals No. 5372.

Court of Customs and Patent Appeals.

Jan. 6, 1948.

Mock & Blum, of New York City (Asher Blum, of New York City, and Charles R. Allen, of Washington, D. C., of counsel), for appellant.

Edward A. Brand, of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark cancellation proceeding from the decision of the Commissioner of Patents, 69 U.S.P.Q. 443, affirming the decision of the Examiner of Interferences sustaining appellee's petition for the cancellation of appellant's registered trade-mark "Sportmaster" for use on "Men's Dress, Work, and Under Shirts."

Appellant's mark, registration No. 336,803, was registered July 21, 1936, under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., on an application filed March 9, 1936.

Appellee's petition for cancellation of appellant's registered trade-mark was filed

March 22, 1944, and was based upon the use of the trade-mark "Sportster", registered June 15, 1926, on an application filed April 1, 1925, registration No. 214,199, for use on sport shirts.

No testimony was introduced by either of the parties, and the only evidence in the case consists of the trade-mark registrations of the parties. Although counsel for appellant gave notice under Rule 154(e) of the Rules of Practice in the United States Patent Office, 35 U.S.C.A.Appendix, that they would rely at final hearing in the Patent Office on various trade-mark registrations, they are not in the record before us and no reason is given in the brief of counsel for appellant as to the purpose of introducing them.

It is not questioned here by counsel for appellant that the goods of the parties possess the same descriptive properties, and the sole issue in the case is whether the respective marks of the parties are confusingly similar, within the purview of section 5 of the Trade-Mark Act of February 20, 1905.

The petition for cancellation of appellant's mark was filed by appellee under section 13 of the Trade-Mark Act of February 20, 1905, and it is not claimed here by counsel for either of the parties that the Trade-Mark Act of July 5, 1946, effective July 5, 1947, 15 U.S.C.A. § 1051 et seq., has any application to the issues here involved, although the appeal was pending in this court on the effective date of that act.

The Examiner of Trade-Mark Interferences and the Commissioner of Patents concurred in holding that the registered marks of the parties were confusingly similar; that appellant was not entitled to use its mark on its goods on the date of its application for registration; and that, therefore, its registration should be canceled.

It is contended here by counsel for appellant that the cumulative differences in the respective marks of the parties and of the goods upon which they are used are such that the concurrent use of the respective marks by the parties would not be likely to cause confusion in trade, and that appellee is not injured by appellant's registration of its mark. In support of that statement, it is argued by counsel for appellant that the dominant feature of appellant's registered mark "Sportmaster" is the suffix "Master"; that the dominant feature of appellee's mark is the suffix "Ter"; that the prefix "Sports" in appellee's mark is merely the plural of the prefix "Sport" in appellant's mark; that the prefix "Sport" or "Sports" is merely descriptive of the goods of each of the parties; that the suffix "Master" in appellant's mark and the suffix "Ter" in appellee's mark being the dominant features of the respective marks, are the only portions of the involved marks which indicate origin of the respective goods of the parties; and that the suffix "Master" in appellant's mark is sufficiently distinguishable from the suffix "Ter" in appellee's mark so that confusion as to the origin of the respective goods of the parties would not be likely to occur.

Counsel for appellant quoted, evidently with approval, the following statement from the decision of the commissioner, which reads: "I agree with respondent [appellant] that the word 'sport,' as applied to wearing apparel generally, and to shirts particularly, is descriptive. The dictionaries so indicate. In consequence, neither of the marks in question is dominated thereby."

It would seem to be evident, from the argument of counsel for appellant that although appellant's registered mark "Sportmaster" is for use on "Men's Dress, Work, and Under Shirts," the prefix "Sport" in appellant's trade-mark is merely descriptive of the goods upon which its mark is used, and that, therefore, the trade-mark "Sportmaster" on the goods upon which the mark is used, includes sport shirts, or that in the natural extension of its business, appellant contemplates the use of the trade-mark "Sportmaster" on sport shirts.

As hereinbefore noted, each of the tribunals of the Patent Office concluded that considering the marks in their entireties, and the goods upon which they were used, the marks were confusingly similar and that appellee would be injured by the use of appellant's mark on its goods.

It is well known in the commerce of the United States, of which the court

may take judicial notice, that so-called "sport shirts," "undershirts," "work shirts," and "dress shirts" are sold in the same stores to the general public, so the question presented is whether, considering the goods of the parties and their respective marks, confusion in trade would be likely to occur by the concurrent use of the marks of the parties on their goods.

■ We are of opinion, as were the tribunals of the Patent Office, that the marks are confusingly similar and that appellee would likely be injured by the use of the registered mark "Sportmaster" on shirts possessing the same descriptive properties as those on which appellee uses its mark "Sportster." It clearly appears that the last four letters of the marks end in the letters "Ster" and that the only difference is that appellant's mark has the letters "Ma" which do not appear in appellee's mark. It is true that neither of the parties is entitled to the exclusive use of the word "Sport" as a trade-mark, as it is merely descriptive of the goods upon which the mark is used by each of the parties.

We have given careful consideration to the arguments presented here by counsel for appellant, and the cases cited upon which they rely, but are unable to hold that the trade-mark "Sportmaster" for use on appellant's goods is not confusingly similar to the trade-mark "Sportster" as used by appellee on its goods, and that appellee would not likely be injured by the use of the trade-mark "Sportmaster."

We have frequently held in opposition and cancellation proceedings that trade-marks should be considered in their entireties, and that the public should not be required to dissect or analyze trade-marks in order to avoid confusion as to the origin of goods. It is unnecessary that we cite decisions in support of those statements.

After careful consideration we are of opinion that the tribunals of the Patent Office reached the right conclusion. Accordingly, the decision of the Commissioner of Patents is affirmed.

Affirmed.

BLAND, Judge, sat during the argument of this case, but resigned before the opinion was prepared.