35 C.C.P.A.(Patents)

## STANDARD LABORATORIES, Inc. v. PROCTER & GAMBLE CO.

### Patent Appeals No. 5456.

Court of Customs and Patent Appeals.

May 4, 1948.

John M. Leach, of New York City (James M. Mason, of New York City, of counsel), for appellant.

Erastus S. Allen, of Cincinnati, Ohio (Allen & Allen, of Cincinnati, Ohio, of counsel), for appellee.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This case is before us by appeal from the decision of the Commissioner of Patents, acting through the First Assistant Commissioner, reversing the decision of the Examiner of Trade-Mark Interferences sustaining the opposition of appellant to appellee's application for registration, under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., of the word "Stran" for use as a trade-mark for a shampoo preparation, 71 U.S.P.Q. 210.

Appellant's opposition, notice of which is in conventional form, is based upon its ownership, by assignment from the original registrant, of the registration of the word "Stim" (registered under the Trade-Mark Act of February 20, 1905) as a trade-mark for use on preparations for falling hair, dandruff and itching scalp.

Although appellee's answer to the notice of opposition challenged practically all the allegations of fact in the notice, appellant introduced no evidence other than a copy of the certificate of registration presented following notice given under Patent Office Rule 154 (e), 35 U.S.C.A. Appendix. This copy, as was held by the tribunals of the Patent Office, constituted prima facie evidence of appellant's ownership but it cannot be accepted as evidence of other facts alleged in its notice of opposition but challenged by appellee. Appellee presented testimony bearing upon the researches made on its behalf before filing the application for registration, but this testimony, except to the extent that it tends to support the statement of the application that the merchandise is a shampoo, is of no particular aid in determining the issue here involved, which briefly stated, is whether the concurrent use of the marks upon the goods of the respective parties would be likely to cause confusion in the mind of the public or deceive purchasers as to origin.

In the course of his decision the Examiner of Trade-Mark Interferences said: "Applicant's application and the testimony adduced on applicant's behalf indicate that applicant sells a shampoo. Opposer's registration, on the other hand, indicates that it deals in a preparation for falling hair, dandruff and itching scalp. Doubtless these goods are specifically different in their composition, nevertheless, both are hair preparations sold over the same counters to the same class of purchasers and they are believed to be so intimately related in their trade appeal as to constitute clearly goods of the same descriptive properties."

With respect to the marks, he expressed the belief that "the similarities predominate to such an extent that the concurrent use of these marks on the goods in question is reasonably likely to result in confusion in trade."

The First Assistant Commissioner pointing out that "there is no evidence on the subject," and citing Lever Brothers Company v. Butler Manufacturing Company, 88 F.2d 842, 24 C.C.P.A. (Patents) 1000, expressed doubt as to the "propriety" of the examiner's finding that the goods are sold over the same counters to the same class of purchasers, but said further: " * * * in any event, the specific differences between applicant's product, which is essentially a cleansing agent, and opposer's product, which is essentially a medicinal preparation, must be considered in resolving the question of possible confusion. * * * "

As to the words themselves, the First Assistant Commissioner was of opinion that the words "Stran" and "Stim" "have very little in common" and, in effect, he held that because of the differences in the goods and the difference in the words their concurrent use would not result in confusing the public or deceiving purchasers.

We find ourselves in agreement with the conclusion reached by the First Assistant Commissioner. In the absence of any evidence introduced by appellant except the registration upon which it relies, nothing can be determined as to the actual chemical properties of its goods, but we think it not improper to say that a preparation for the treatment of dandruff and the like is generally regarded as something different from a mere shampoo preparation applied as a hair cleanser. In any event, we feel confident that the marks themselves are so lacking in resemblance as to appearance, sound or meaning that there is no likelihood of confusion in trade.

The decision of the First Assistant Commissioner, reversing that of the Examiner of Trade-Mark Interferences, therefore, is affirmed.

Affirmed.

By reason of illness, O'CONNELL, J., was not present at the argument of this case and did not participate in the decision.