36 C.C.P.A. (Patents)

## VALPO CO. v. SOLIS, ENTRIALGO y COMPANIA.

**Patent Appeal No. 5569.**

United States Court of Customs and Patent Appeals.

June 28, 1949.

O'CONNELL, J., dissenting.

———◆———

James R. McKnight and Robert C. Comstock, Chicago, Ill., for appellant.

Max Wall, Washington, D. C., for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Associate Judges.

JOHNSON, Judge.

This is an appeal from the decision of the First Assistant Commissioner of Patents reversing the decision of the Examiner of Interferences sustaining the petition of appellant to cancel the appellee's trade-mark registration No. 334,967 of May 19, 1936, for the trade-mark Forbidden Love for perfumes and other cosmetics.

In its petition for cancellation, appellant alleged that it is the owner of trade-mark registration No. 220,922, issued to appellant on November 16, 1926, for the notation Love Lane; that appellant has used its said trade-mark Love Lane on perfumes in interstate commerce for several years prior to January 23, 1934, the date of use first alleged by appellee on its trade-mark Forbidden Love; that the goods recited in appellee's registration No. 334,967 for the notation Forbidden Love are of the same descriptive properties as appellant's perfumes; that the outlets for the goods of both parties hereto are beauty shops, drug and department stores, and that said goods are sold in the same places over the same counters by the same salespeople, to the same class of purchasers; that the appellee's trade-mark Forbidden Love is so similar to appellant's trade-mark Love Lane as to be likely to cause confusion and deceive purchasers as to the origin of the goods, and will result in damage and injury to appellant. The appellant also alleged on information and belief that appellee "has not and is not now using said trade mark Forbidden Love and has abandoned the same."

In its answer to appellant's petition to cancel, the appellee admitted that certificate of trade-mark registration No. 220,922 was issued to appellant on November 16, 1926; that the goods recited in appellee's certificate of registration No. 334,967 are as alleged by appellant in his petition for cancellation; and that the goods bearing appellee's trade-mark Forbidden Love are sold to and through beauty shops and drug and department stores and through other channels as alleged by appellant. As to all other allegations of appellant's petition to cancel, the appellee's answer either states it is without knowledge or belief and

leaves appellant to its proof thereof, or denies each and every substantial matter or thing alleged by appellant.

Appellee's answer also alleged that "it has used and is now using its trade mark Forbidden Love upon or in connection with the goods set out in its Certificate of Registration No. 334,967, in international, interstate and intrastate commerce, and that it has not abandoned said trade mark nor intended to abandon the same."

No testimony was taken by either party. Both parties filed briefs and were represented by counsel at the hearings.

Appellant relied upon a certified copy of its registration No. 220,922 of November 6, 1926, for the trade-mark Love Lane for perfumes, filed after due notice under Rule 154(e) of the Rules of Practice of the United States Patent Office, 35 U.S.C.A. Appendix.

The vital issue before us is whether the marks are confusingly similar. If they are confusingly similar, injury to appellant would be likely to result from the registration of appellee's mark, and in that event, it should be cancelled; but if the marks are not confusingly similar, appellant was not injured, and the action of the first assistant commissioner should be sustained.

Both parties have cited many cases involving trade-marks; however, the citation of prior decisions is of little value in cancellation proceedings for the reason that each case must rest upon its own distinctive facts. Likelihood of confusion from alleged similar marks is largely a matter of opinion. Lever Brothers Co. v. George A. Hormel & Co., 173 F.2d 903, 36 C.C.P.A., Patents, ——, and cases cited.

Appellant contends that "the word Love is the dominant word of each of the trade-marks Love Lane and Forbidden Love"; " * * * that appellee has taken the dominant word Love from appellant's mark Love Lane and combined it with another term. The word Love still dominates both Forbidden Love and Love Lane and its dominance in both marks renders confusion in trade likely."

Appellant's contention is to the effect that it is entitled to the exclusive use of the word Love in connection with perfumes and that any word used either before or after the word Love would be sufficiently similar to appellant's trade-mark as to be likely to cause confusion.

■ We think that neither party can successfully contend that it is entitled to preempt the field with respect to marks having Love as a portion thereof, and thus exclude all others from the use of any mark composed in part of the word Love. See Miles Laboratories, Inc., v. Foley & Co., 144 F.2d 888, 32 C.C.P.A., Patents, 714.

An examination of the marks here involved shows appellant's mark to be outlined in the shape of a heart with the "V" of the heart forming the letter "V" of the word Love, the base of the letter "L" of the word Love extending in a straight horizontal line across the center of the heart outline, while above this horizontal line and to the left of the "V" is the letter "O", and to the right of the "V" is the letter "E". The word Lane appears below the horizontal line across the center of the heart outline and follows the contour of the lower portion of the heart outline. Appellee's mark consists of the plainly printed words Forbidden Love.

■ The marks of both parties must be considered in their entireties and when thus considered we agree with the first assistant commissioner that "The two expressions, viewed as a whole, differ in appearance and have no similarity in meaning. The word 'Love' is of course common to both; but it comes first in petitioner's mark, and last in respondent's, and is combined with radically different words."

■ We have carefully considered appellant's brief and the argument of counsel, but are of the opinion that the marks here involved are not confusingly similar.

For the reasons stated, the decision of the first assistant commissioner is affirmed.

Affirmed.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.

O'CONNELL, Judge (dissenting).

The goods of the parties are identical and their trade-marks substantially so in signifi-

cance. Appellant, admittedly, has used its mark "Love Lane" in the sale of perfume for many years prior to appellee's entry into that field with its mark "Forbidden Love." The goods are sold through beauty shops, drug and department stores, and to the general public, which in making purchases of perfume is not required to stop, look, and analyze the features of the contested marks so as to prevent the newcomer from palming off its merchandise as that of appellant. Van Camp Sea Food Co., Inc., v. Westgate Products Co., 48 F.2d 950, 18 C.C.P.A., Patents, 1311; Magitex Co., Inc., v. John Hudson Moore, Inc., 154 F.2d 177, 33 C.C.P.A.,Patents, 956.

The word "Love" is the dominant part of each of the marks here in issue, and the law is well settled that trade-marks, or the dominant part thereof, which merely describe the goods with which they are used, or the character or quality thereof, or the purpose for which they are used, cannot be registered, since any one is entitled to use such descriptive words in describing a product of the same kind which he offers for sale to the public or any part thereof. In re General Permanent Wave Corporation, etc., 118 F.2d 1020, 28 C.C.P.A., Patents, 1099; Miles Laboratories, Inc., v. Foley & Co., 144 F.2d 888, 32 C.C.P.A., Patents, 714; In re W. A. Sheaffer Pen Company, 158 F.2d 390, 34 C.C.P.A., Patents, 771.

The prevailing opinion cites the Miles Laboratories case and appropriates the doctrine thereof as a basis for holding that "Love" is not a coined or fanciful word but one merely descriptive of merchandise consisting of perfume. The term "Vita" in the Miles Laboratories case was the dominant part of the marks, and the court there properly held that Vita was merely descriptive of the vitamin product to which the marks were applied.

Reference to the dictionaries discloses that "love" is nowhere therein defined as perfume nor as possessing any characteristic of perfume. Moreover, there is no evidence of record, as there was in the case of Parfumerie Roger & Gallet, etc., v. John Wanamaker, 57 App.D.C. 267, 20 F.2d 283, upon which the commissioner erroneously relied below, 74 U.S.P.Q. 193, in reversing the proper decision of the Ex-

aminer of Interferences upon the facts presented. The word Love is in nowise descriptive of the merchandise here involved but is purely arbitrary in meaning when applied to perfume and, in the total absence of evidence to the contrary, there is no basis for holding that "Love" is merely descriptive of perfume or a function thereof.

Had appellee wished clearly to indicate the origin of its goods, there are innumerable words which it might have selected or coined, any one of which could not be open to the challenge of confusing similarity to appellant's mark. In view of the facts of record, it is impossible to escape the conclusion that appellee in adopting the mark "Forbidden Love" hoped and expected that it would reap the advantage of appellant's good will, built up by the successful sale of its product over a long period of years, and thereby profit by the confusion in trade by reason of the similarity of its mark to that of appellant. See Steinreich v. Coca Cola Co., 67 F.2d 498, 21 C.C.P.A., Patents, 722.

The decision of the Commissioner of Patents, for the reasons hereinbefore stated, should be reversed.