42 C.C.P.A.(Patents)
**L. J. MUELLER FURNACE CO.**

v.

**UNITED CONDITIONING CORP.**

**Patent Appeal No. 6123.**

United States Court of Customs and
Patent Appeals.

May 25, 1955.

O'Connell, J., dissented.

Curtis B. Morsell and Arthur L. Morsell, Jr., Milwaukee, Wis., for appellant.

Sawyer, Kennedy & Murray, New York City (Kenneth H. Murray, New York City, of counsel), for appellee.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Commissioner of Patents, speaking through the Assistant Commissioner, 99 U.S.P.Q. 342, reversing the decision of the Examiner of Interferences which sustained appellant's notice of opposition to the registration by appellee, under the Trade-Mark Act of 1946, 15 U.S. C.A. § 1051 et seq., of the notation "Clime-matic" as a trade-mark for air conditioning units.

Appellee alleged May 12, 1949 as the date of first use of the involved mark in commerce among the several states. The application was examined and passed for publication pursuant to section 12(a) of the Trade-Mark Act of 1946, and the mark was duly published in the Official Gazette on July 10, 1951. On August 7, 1951, appellant filed its notice of opposition to said registration.

In its notice of opposition, appellant alleged that it is the owner of Trade-Mark Registration No. 408,891, dated August 15, 1944, for the term "Climatrol" applied to gas furnaces. Appellant further alleged that it is the owner of Trade-Mark Registration No. 527,679, dated July 18, 1950, for the term "Mueller Climatrol" applied to coal, oil, and gas fired warm air furnaces, boilers, and heaters; gas conversion burners; oil conversion burners; air cooling units for buildings; air moisteners; blowers; heating, ventilating, and air conditioning apparatus pipes, ducts, and fittings; registers for delivering conditioned air; unit heaters; and apparatuses for washing, humidifying and cleaning air circulated in buildings. It was also alleged that the term "Clime-matic" used on air conditioning units so resembles the registered marks of opposer as to be likely to cause confusion or mistake or to deceive purchasers inasmuch as appellee's mark is used in connection with goods identical to or of the same descriptive properties as those upon which opposer has used its mark.

Both parties filed stipulated statements in lieu of testimony.

It appears from the stipulated statements submitted by appellant-opposer that the term "Climatrol" has been applied to gas furnaces manufactured by it and sold in interstate commerce since 1937; that the term "Mueller Climatrol" has been used since November 30, 1947; that appellant advertised various of its "Climatrol" products throughout the United States both in circulars and in various nationally known magazines; and that advertising expenditures exclusively directed toward "Climatrol" have totalled approximately $1,214,000.

It appears from the stipulated statements submitted by applicant-appellee that the term "Clime-matic" has been used by it on air conditioning units of all types throughout the United States; that appellee has extensively publicized its mark; that the prefixes "Clim" or "Clime" are in general use in the industry and therefore not the subject of any one person's exclusive ownership; and that air conditioning units are expensive, and purchasers of these items, generally architects, builders, or engineers, are discriminating buyers and are careful in their selection.

The main issue before this court is whether the term "Clime-matic" so resembles the terms "Climatrol" and "Mueller Climatrol" as to be likely to cause confusion in the trade and deceive purchasers when each of these marks is applied to the above mentioned types of goods.

The test applied by this court in an opposition proceeding is the likelihood of confusion in the minds of the purchasing public as to the origin of the goods. Nestle's Milk Products, Inc. v. Baker Importing Co., Inc., 182 F.2d 193, 37 C.C.P.A., Patents, 1066; Standard Laboratories, Inc., v. Proctor & Gamble Co., 167 F.2d 1022, 35 C.C.P.A., Patents, 1146. This is a subjective test. Therefore prior decisions are of little value since each case must be decided on its own particular set of facts. North Star Manufacturing Co. v. Wells Lamont Corp., 193 F.2d 204, 39 C.C.P.A., Patents, 764.

However, various rules have been developed for the purpose of aiding in the determination of the question of confusing similarity. It is well settled that the marks must be considered in their entireties, Apollo Shirt Co. v. Enro Shirt Co., Inc., 165 F.2d 469, 35 C.C.P.A., Patents, 849; Valpo Co. v. Solis, Entrialgo y. Compania, 175 F.2d 457, 36 C.C.P.A., Patents, 1160. But different features may be analyzed to determine whether the marks are confusingly similar, Hoffman-LaRoche, Inc., v. Kawerk, 148 F.2d 557, 32 C.C.P.A., Patents, 954, and similarities and dissimilarities should both be considered, Younghusband v. Kurlash Co., Inc., 94 F.2d 230, 25 C.C.P.A., Patents, 886.

It has also been held that the common portions of the marks cannot be disregarded, Schering & Glatz, Inc., v. Sharp & Dohme, Inc., 146 F.2d 1019, 32 C.C.P.A., Patents, 827, but a descriptive word, which has little trade-mark significance, will not be regarded as the dominant part of the mark, West Disinfecting Co. v. Lan-O-Sheen Co., 163 F.2d 566, 35 C.C.P.A., Patents, 706.

Thus applying the foregoing law to the present case, we are of the opinion that "Clime-matic" and "Climatrol," when viewed in their entireties, are not confusingly similar. Even if they are not viewed in their entireties, but their similarities and dissimilarities are compared, we find that while the prefixes "Clime" and "Clim" look alike and sound alike, that the suffixes "matic" and "atrol" do not look alike or sound alike. We feel that the dissimilarities by far outweigh the similarities and thus cause the terms in their entireties to be more different than alike. We come to this conclusion especially since the word "clime," to which "clim" can be phonetically equivalent, is an accepted word meaning climate, and, therefore, these words cannot be considered the dominant portions of the marks since they are descriptive when applied to the merchandise under consideration.

We also feel that the "discriminating purchaser" theory is applicable

to the present case, as held by the Commissioner of Patents. In this respect the statement which was made in Synchromatic Air Conditioning Corp. v. Williams Oil-O-Matic Heating Corp., 109 F.2d 784, 785, 27 C.C.P.A., Patents, 1010, and cited in appellee's brief is particularly apposite. This statement is:

"In this case the goods of the particular parties are substantially identical, but they are relatively expensive and undoubtedly their purchase would be made only after a careful investigation of different apparatus for air conditioning systems. These facts, together, with the dissimilarity of the marks, impel us to the conclusion that the marks are not confusingly similar."

There is one other contention made by appellant which requires consideration. Appellant argues that "Irrespective of the Notice of Opposition it should be adjudged *ex parte* that applicant is not entitled to register the term 'Clime-matic' over a very early 'Climator' registration, No. 298,115, applied to warm air heating and *air conditioning systems*." The Examiner of Interferences felt that this term was not entitled to consideration in the opposition proceeding because it was not filed before the closing time for taking testimony and because it was not pleaded in the notice of opposition. This aspect of the present case was not considered in the opinion of the Commissioner.

It has been held many times that it is not only the right but the duty of the Patent Office to determine the registrability of a mark *ex parte* without references to the issues raised in the notice of opposition. Dubonnet Wine Corp. v. Ben-Burk Inc., 121 F.2d 508, 28 C.C.P.A., Patents, 1298; Burmel Handkerchief Corp. v. Cluett, Peabody & Co., Inc., 127 F.2d 318, 29 C.C.P.A., Patents, 1024. In each of these cases there was an adverse *ex parte* determination by the Patent Office tribunals of the right to register a mark irrespective of the opposition proceedings. This situation does not exist here since there was no adverse finding outside of the opposition proceedings. The above rule of law must therefore be considered inapposite.

We have no choice but to assume that the Patent Office tribunals are cognizant of the above rule, and that if they had found confusing similarity to exist between "Climator" and "Clime-matic" they would have acted under the rule. Therefore, since the Examiner of Interferences did not apply the rule, and since the Commissioner did not consider the question, we must assume that they felt that the mark "Clime-matic" was registrable over the mark "Climator."

It can readily be seen that if the Patent Office tribunals were compelled to consider *ex parte* every mark urged by an opposer, which was presented after the time limit allotted during the opposition proceedings, then there could be no end to proceedings before the Patent Office. Opposer, by timely action, could have presented the mark "Climator" in the opposition proceeding, but for reasons unknown to us did not do so. In short, since the Patent Office tribunals failed to consider the mark and find confusing similarity, and since the above rule of law urged by appellant is therefore inapposite, we, as an appellate court, feel that we can neither consider the merits of this aspect of the case since it is not properly before us, nor compel the Patent Office tribunals to consider it since appellant exhausted his remedy in the opposition proceeding.

For the foregoing reasons the decision of the Commissioner is affirmed.

Affirmed.

WORLEY, Judge, concurs in the conclusion.

O'CONNELL, Judge, dissents.