43 C.C.P.A. (Patents)

## H. D. HUDSON MANUFACTURING COMPANY, Appellant,

v.

## FOOD MACHINERY AND CHEMICAL CORPORATION, Appellee.

### Patent Appeal No. 6178.

United States Court of Customs
and Patent Appeals.

Feb. 21, 1956.

Wilson & Geppert and Ira J. Wilson and Carl F. Geppert, Chicago, Ill., for appellant.

Woodcock & Phelan and Virgil E. Woodcock, Philadelphia, Pa. (Hans G. Hoffmeister, San Jose, Cal., and Robert B. Washburn, Philadelphia, Pa., of counsel), for appellee.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, COLE and JACKSON, retired, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Commissioner of Patents, speaking through the Assistant Commissioner, 101 U.S.P.Q. 372, affirming the decision of the Examiner of Interferences which dismissed appellant's notice of opposition to the registration by appellee, under the Trade-Mark Act of 1946, 15 U. S.C.A. § 1051 et seq., of the notation "Rotomist" for agricultural and horticultural spraying and dusting machines in class 23, cutlery, machinery, and tools, and parts thereof.

Appellee alleged March 20, 1948, as the date of first use of the involved mark in the commerce among the several states. The application was examined and passed for publication pursuant to Section 12(a) of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1062(a), and the mark was duly published in the Official Gazette on October 16, 1951. On No-

vember 13, 1951, appellant filed its notice of opposition.

In the notice of opposition, appellant alleged that it is the owner of Trade-Mark Registration No. 195,745, dated March 3, 1925, for the mark "Misty" for sprayers for agricultural and horticultural spraying and dusting in class 23, *supra*, and registration No. 340,866, dated November 24, 1936 for the mark "Roto-Power," the suffix "Power" being disclaimed apart from the mark, for machines for disseminating insecticidal dust for agricultural and horticultural spraying and dusting in class 23, *supra*. It was also alleged that appellant's goods bearing the involved marks have been extensively advertised and widely sold throughout the United States; and that its marks have great trade-mark value and have become generally known to the public as designating and identifying the goods of appellant. Appellant also alleges that the goods of the parties are of the same descriptive properties, are normally sold to the same class of customers, and that use by appellee of its mark "Rotomist" on its goods will result in great and irreparable damage to opposer.

Appellee took no testimony and offered no evidence. Both parties filed briefs and were represented at final arguments.

Various issues have been raised, but in view of our opinion as hereinafter set forth, it is necessary to consider only the issue of confusing similarity.

■■■ The law pertinent to the issue of confusing similarity in the instant case is set out in the case of L. J. Mueller Furnace Co. v. United Conditioning Corporation, 222 F.2d 755, 757, 42 C.C.P.A., Patents, 932, wherein we stated:

"The test applied by this court in an opposition proceeding is the likelihood of confusion in the minds of the purchasing public as to the origin of the goods. Nestle's Milk Products, Inc., v. Baker Importing Co., Inc., 182 F.2d 193, 37 C.C.P.A., Patents, 1066; Standard Labora-

tories, Inc., v. Proctor & Gamble Co., 167 F.2d 1022, 35 C.C.P.A., Patents, 1146. This is a subjective test. Therefore prior decisions are of little value since each case must be decided on its own particular set of facts. North Star Manufacturing Co. v. Wells Lamont Corp., 193 F.2d 204, 39 C.C.P.A., Patents, 764.

"However, various rules have been developed for the purpose of aiding in the determination of the question of confusing similarity. It is well settled that the marks must be considered in their entireties. Apollo Shirt Co. v. Enro Shirt Co., Inc., 165 F.2d 469, 35 C.C.P.A., Patents, 849. Valpo Co., v. Solis, Entrialgo y. Compania, 175 F.2d 457, 36 C.C.P.A., Patents, 1160. But different features may be analyzed to determine whether the marks are confusingly similar, Hoffman-LaRoche, Inc., v. Kawerk, 148 F.2d 557, 32 C.C.P.A., Patents, 954, and similarities and dissimilarities should both be considered, Younghusband v. Kurlash Co., Inc., 94 F.2d 230, 25 C.C.P.A., Patents, 886.

"It has also been held that common portions of the marks cannot be disregarded, Schering & Glatz, Inc., v. Sharp & Dohme, Inc., 146 F.2d 1019, 32 C.C.P.A., Patents, 827, * * *."

■ It is our opinion, applying the above-quoted criteria for determining similarity to the marks before us, when the individual marks, "Rotomist" and "Roto-Power," are viewed in their entireties, they do not look alike, or sound alike. We are of the same opinion relative to the marks "Rotomist" and "Misty." Although the common portion "Roto" of appellant's mark "Roto-Power" and appellee's mark "Rotomist" is identical, the dissimilarities of the marks must be considered. The dissimilar portions of the marks, "Power" and "Mist," in our opinion, are sufficiently different to cause the marks in their entireties to be more dissimilar than similar.

Appellant contends that the term "Rotomist" is confusingly similar to the combination of terms "Roto-Power" and "Misty" in that appellee has taken the word "Roto," which appellant considers the dominant part of its mark "Roto-Power," and has added as a suffix the word "Mist," which appellant considers the dominant part of its mark "Misty," in order to form the mark "Rotomist," citing Parke, Davis & Co. v. G. F. Harvey Co., 141 F.2d 132, 31 C.C.P.A., Patents, 879. In that case the applicant took the first syllable, "Digi," of one of opposer's marks "Digifortis" and combined it with the second syllable, "Seals," of opposer's other mark "Kapseals" to form applicant's mark of "Digiseals." The opposer had been using both marks combined, "Kapseals Digifortis," as one mark on goods identical to applicant's goods, and under those circumstances the court held the marks to be confusingly similar. Here appellant has not used its marks "Roto-Power" and "Misty" combined as one mark. We agree with appellee's contention that in Parke, Davis & Co. v. G. F. Harvey Co., supra, the court's ruling represents "a consideration of the trade-mark rights established in the compound mark and not a ruling upon the propriety of combining parts of two different marks in order to create a compound mark, not previously used by opposer."

We have carefully considered appellant's brief and the cases cited therein. However, we are of the opinion that the foregoing application of the law is determinative of the issues in the present case, and that the other points raised by appellant need not be considered. We do not think the concurrent use of the marks on the goods of the parties is likely to cause confusion or mistake or to deceive purchasers.

Therefore, the decision appealed from is affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to participate.