43 C.C.P.A.(Patents)

**HOUSE OF WORSTED–TEX, Inc.,**
**Appellant,**

v.

**DEERING MILLIKEN & COMPANY,**
**Inc., Appellee.**

**Patent Appeal No. 6195.**

United States Court of Customs
and Patent Appeals.

May 15, 1956.

334

Caesar & Rivise, Philadelphia, Pa. (A. D. Caesar and Max R. Millman, Philadelphia, Pa., of counsel), for appellant.

Walter E. Mueller, Chicago, Ill., for appellee.

Before JOHNSON, Acting Chief Judge, and WORLEY and JACKSON (retired), Judges.

JOHNSON, Acting Chief Judge.

This is an appeal from the decision of the Commissioner of Patents, speaking through the Assistant Commissioner, reversing the decision of the Examiner of Interferences which sustained appellant's notice of opposition to the registration by appellee, under the Trade-Mark Act of 1946, 15 U.S.C.A. § 1051 et seq., of the mark "Worsterlon" for fabrics in the piece made of a combination of wool, rayon, and nylon.

Appellee, in its application for registration, alleged November 12, 1949, as the date of first use of the mark "Worsterlon" in commerce among the several states. The application was examined and passed for publication pursuant to section 12(a) of the Trade-Mark Act of 1946, and the mark was duly published in the Official Gazette on June 19, 1951. On July 19, 1951, appellant filed its notice of opposition.

In its notice of opposition, appellant alleged that it is the owner of the trademark "Worsted-Tex" for a woven fabric made of combinations of worsted and silk, and for men's, boys', and children's suits, coats, vests, pants, overcoats, and topcoats. Appellant further alleged that it and its predecessor in title have been using the mark "Worsted-Tex" on cloth continuously from January 16, 1926, up to and including the date of filing the notice of opposition; and that a large and exceedingly valuable business has been built up under said trade-mark. It was further alleged that the goods for which appellee is seeking to register the mark "Worsterlon" are goods of the same descriptive quality and belong to the same class of merchandise as the goods upon which appellant has been using the mark "Worsted-Tex." Appellant also alleged that "Worsterlon" and "Worsted-Tex" are so similar in spelling, appearance, sound, and connotation that the use or registration by the appellee of the mark "Worsterlon" is likely to cause confusion or mistake in the minds of dealers and the purchasing public as to origin of the goods, and is likely to cause them to believe that appellee's goods are appellant's goods, thus resulting in damage to appellant.

Appellee, in its answer to the notice of opposition, insofar as pertinent here, denied that its fabrics in the piece made of wool, rayon, and nylon are of the same descriptive properties as the items enumerated in the notice of opposition. Appellee also denied that its mark "Worsterlon" is deceptively similar to appellant's mark "Worsted-Tex," and denied that appellant would be damaged by the registration of the mark "Worsterlon."

It appears from the record that appellant is the owner of the following registrations for the trade-mark "Worsted-Tex": No. 218,057 (September 21, 1926); No. 256,578 (May 21, 1929); No. 393,266 (January 27, 1942); No. 439,146 (June 1, 1948); No. 441,400 (November 23, 1948).

Neither party took testimony.

The Examiner of Interferences was of the opinion that the goods were closely related and found the marks "Worsted-Tex" and "Worsterlon" to be confusingly similar. The Examiner of Interferences reasoned that in comparing the marks in their entireties, the similarities predominated over the differences, especially since the first six letters of each of the terms are identical. He therefore sustained the notice of opposition.

In view of the foregoing holding of the Examiner of Interferences, the present appellee appealed to the Commissioner. The Assistant Commissioner was of the opinion that confusion, mistake, and de-

ception of purchasers would not be likely to result if appellee's mark was registered, and dismissed the notice of opposition. In view of the Assistant Commissioner's decision, appellant has taken an appeal to this court.

The record is quite clear that the marks are used on substantially the same types of goods. Thus, the sole issue before us on appeal is whether the marks "Worsted-Tex" and "Worsterlon" are so similar as to be likely to cause confusion in the trade and mislead purchasers.

■ The test applied by this court in an opposition proceeding is the likelihood of confusion in the minds of the purchasing public as to the origin of the goods. Nestle's Milk Products, Inc., v. Baker Importing Co., Inc., 182 F.2d 193, 37 C.C.P.A., Patents, 1066; Standard Laboratories, Inc., v. Procter & Gamble Co., 167 F.2d 1022, 35 C.C.P.A., Patents, 1146.

■ In order to aid in the foregoing determination, various rules have been developed. It is well settled that the marks must be considered in their entireties. Apollo Shirt Co. v. Enro Shirt Co., Inc., 165 F.2d 469, 35 C.C.P.A., Patents, 849; Valpo Co. v. Solis, Entrialgo y Compania, 175 F.2d 457, 36 C.C.P.A., Patents, 1160. But different features of the marks may be analyzed to determine whether the marks are confusingly similar, Hoffman-La Roche, Inc., v. Kawerk, 148 F.2d 557, 32 C.C.P.A., Patents, 954, and similarities and dissimilarities should both be considered, Younghusband v. Kurlash Co., Inc., 94 F.2d 230, 25 C.C.P.A., Patents, 886.

■ In view of the fact that the likelihood of confusion in the minds of the purchasing public in each particular case is largely a matter of opinion, prior decisions are of little value since each case must be decided on its own particular set of facts. North Star Manufacturing Co. v. Wells Lamont Corp., 193 F.2d 204, 39 C.C.P.A., Patents, 764; L. J. Mueller Furnace Co. v. United Conditioning Corp., 222 F.2d 755, 42 C.C.P.A., Patents, 932.

■ We will now proceed to analyze the marks "Worsted-Tex" and "Worsterlon" in the light of the above cited well settled law. It can readily be seen that the first six letters, "Worste," of each mark are identical, as noted by the Examiner of Interferences. However, since the examiner has pointed out the similarities by dissecting the mark, it is only fair to look at what remains of the marks after they have been dissected. Following the first six letters, in one case, we have "d-Tex" and in the other "rlon." In the present case, the examiner's dissection, in our opinion, is unrealistic because syllables have been split in the process. If the similarities and dissimilarities are to be compared, it is in our opinion more realistic to compare "Worsted" with "Worster" and "Tex" with "lon." However, when the similarities are compared, it can be seen that while the parts "Worsted" and "Worster" may look somewhat alike, they do not, in our opinion, sound alike. The suffixes "Tex" and "lon" obviously do not sound or look alike. Relative to the meanings of the dissected portions of the marks, while "Worsted" is suggestive of a type of cloth, the word "Worster," if suggestive of anything at all, is an incorrect form of the word "worst." Relative to the meanings of the words "Tex" and "lon," we do not think they mean the same thing. Considering the appearances of the marks in their entireties, "Worsterlon" consists of one word whereas "Worsted-Tex" is hyphenated. We are of the opinion that the dissimilarities of the marks are greater than the similarities so as to cause the marks in their entireties to be more different than alike. We therefore are of the opinion that the concurrent use of the marks would not be likely to cause confusion in the minds of the purchasing public since, in their entireties, they do not look alike, sound alike, or have the same meaning.

In reaching the foregoing conclusion, we have not overlooked appellant's argument that the suffix "Tex" of appellant's mark connotes textile and that the suf-

fix "lon" of appellee's mark also connotes a textile material "because it is suggestive phonetically or by abbreviation of nylon, a well-known textile material". Nor have we overlooked appellant's conclusion from the foregoing that the "connotations of the suffixes 'Tex' and 'lon' are themselves practically the same and also render the connotations of the composite marks in issue practically the same." We are of the opinion that appellant's reasoning is too strained to be convincing. We therefore cannot subscribe to the argument which has been presented.

Furthermore, we are well aware of the rule of law urged by appellant that a newcomer must avoid the adoption of a mark which will resemble an earlier one, either in sight, sound, or connotation, lest such an adoption and use may create a likelihood of confusion. However, in the present case we feel that this rule is not applicable since, as we have pointed out above, the marks are sufficiently dissimilar so that confusion is not likely to result. We are also aware of the rule urged by appellant that doubt as to likelihood of confusion should be resolved against the newcomer. However, in the present case, we are of the opinion that there is no doubt to be resolved.

There is one other aspect of this case which it is necessary for us to briefly consider. The Assistant Commissioner noted that appellee's specimens which were submitted with its application for registration were highly unsatisfactory, and that the application was filed 38 days after claimed first use. The Assistant Commissioner was uncertain as to whether the mark "Worsterlon" was being used as a style mark, as the name of the fabric, or as a trade-mark, and suggested that registration should not issue until the Examiner of Trade-Marks was satisfied that appellee is using the word as a trade-mark. There

was no appeal taken by appellee from this holding of the Assistant Commissioner, and we have no authority to consider this aspect of the case. Hat Corp. of America v. John B. Stetson Co., 223 F. 2d 485, 42 C.C.P.A., Patents, 1001, and cases cited therein.

We have carefully considered appellant's case, however, for the foregoing reasons we are of the opinion that the decision appealed from should be affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to participate.

O'CONNELL and COLE, JJ., because of illness, did not participate in the hearing or decision of this case.

WORLEY, Judge (specially concurring).

While I agree that we should not, under the circumstances of this case, consider the question as to whether appellee is using the word "Worsterlon" as a style mark, as the name of a fabric, or as a trade-mark, I am not convinced that we have no authority to do so. This court, in several instances involving inter partes cases has passed upon ex parte questions of right to register trade-marks, which were not made the basis of appeal from the decision of the commissioner. Coschocton Glove Company v. Buckeye Glove Company, 90 F.2d 660, 24 C.C.P.A., Patents, 1338; Tidy-House Paper Products, Inc., v. Tidy House Products Co., 189 F.2d 280, 38 C.C.P.A., Patents, 1099; and Minnesota Mining and Mfg. Co. v. Minnesota Linseed Oil Paint Co., 229 F.2d 448, 43 C.C.P.A., Patents, 746. There appears to me to be no clear difference in principle between those cases and the instant one.