47 CCPA

**PHILLIPS PETROLEUM COMPANY**

v.

**KNOX INDUSTRIES CORP.**

**Patent Appeal No. 6504.**

United States Court of Customs and Patent Appeals.

May 3, 1960.

---

J. Arthur Young, Donald J. Quigg, Robert R. Cochran, Bartlesville, Okl. (L. Malcolm Oberlin, Bartlesville, Okl., of counsel) for appellant.

Herbert J. Jacobi, Washington, D. C., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge C. WILLIAM KRAFT, Jr.[1]

C. WILLIAM KRAFT, Jr., Judge.

This appeal by Phillips Petroleum Company (Phillips) challenges the correctness of the decision of the Assistant Commissioner of Patents which affirmed the dismissal of the notice of opposition by the Examiner of Interferences. As owner of the trademark "Trop-Artic," Phillips opposed registration of the mark "Frig-Tropic" to the applicant, Knox Industries Corp. (Knox).

The marks are used on substantially identical goods, all-weather motor oils, sold competitively. Phillips' mark "Trop-Artic," registration No. 603,209 issued March 15, 1955, has been in continuous use since April 1954. Knox claims use of the mark "Frig-Tropic" since February 1, 1955.

The basic issue, of course, is whether "Frig-Tropic," the mark sought to be registered, so resembles the registered mark, "Trop-Artic," "as to be likely, when applied to the goods of the applicant, to cause confusion or mistake or to deceive purchasers * * *." Trade Mark Act of 1946, Sec. 2, 15 U.S.C.A. § 1052. If it does, the opposition must be sustained.

In our recent case of L. J. Mueller Furnace Co. v. United Conditioning Corp., 222 F.2d 755, 757, 42 CCPA 932, we set forth the relevant considerations in the determination of the issue of confusing similarity:

"The test applied by this court in an opposition proceeding is the likelihood of confusion in the minds of the purchasing public as to the origin of the goods. Nestle's Milk Products, Inc. v. Baker Importing Co., Inc., 182 F.2d 193, 37 C.C.P.A., Patents, 1066; Standard Laboratories, Inc. v. Proctor & Gamble Co., 167 F.2d 1022, 35 C.C.P.A., Patents, 1146. This is a subjective test. Therefore prior decisions are of little value since each case must be decided on its own particular set of facts. North Star Manufacturing Co. v. Wells Lamont Corp., 193 F.2d 204, 39 C.C.P.A., Patents, 764.

"However, various rules have been developed for the purpose of aiding in the determination of the question of confusing similarity. It is well settled that the marks must be considered in their entireties, Apollo Shirt Co. v. Enro Shirt Co., Inc., 165 F.2d 469, 35 C.C.P.A., Patents, 849; Valpo Co. v. Solis, Entrialgo y. Compania, 175 F.2d 457, 36 C.C.P.A., Patents, 1160. But different

1. United States District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge

O'CONNELL, pursuant to provisions of Section 292(d), Title 28 U.S.C.

features may be analyzed to determine whether the marks are confusingly similar, Hoffman-LaRoche, Inc. v. Kawerk, 148 F.2d 557, 32 C.C.P.A., Patents, 954, and similarities and dissimilarities should both be considered, Younghusband v. Kurlash Co. Inc., 94 F.2d 230, 25 C.C.P.A., Patents, 886.

"It has also been held that the common portions of the marks cannot be disregarded. Schering & Glatz, Inc. v. Sharp & Dohme, Inc., 146 F.2d 1019, 32 C.C.P.A., Patents, 827, but a descriptive word, which has little trade-mark significance, will not be regarded as the dominant part of the mark, West Disinfecting Co. v. Lan-O-Sheen Co., 163 F.2d 566, 35 C.C.P.A., Patents, 706."

■ The question of similarity must be considered with respect to similarity of sound, appearance and meaning. Coty, Inc. v. Perfumes Habana, S.A., 190 F.2d 91, 38 CCPA 1180.

■ The Assistant Commissioner stated categorically that the marks "neither look alike nor sound alike." We do not think the issue may be so summarily determined. The question of similarity is ordinarily one of degree. This issue is whether the marks are confusingly similar, not whether they are identical. Coty, Inc. v. Perfumes Habana, S.A., supra.

We find that there is some similarity between the marks both in appearance and sound, possibly insufficient, when considered alone, to create confusion, but important in the overall assessment of the marks on the issue of confusing similarity. Each mark has three syllables with a hyphen separating the first from the second. Each has "Trop" and "ic" as two of its three syllables. The "ic" ending is common to both.

This brings us to consideration of similarity of meaning. The examiner observed that the marks "are to some extent similar in connotation, in that both are suggestive of the fact that the motor oils to which they are applied are intended for use in both hot and cold weather * * *." The Assistant Commissioner stated that although the marks "suggest similar things they are so highly suggestive when applied to all-weather motor oils that the differences in sound and appearance are believed to be sufficient to avoid all reasonable probability of confusion, especially where, as here, opposer's mark, as used, is in the nature of a grade or type mark."

The marks "Trop-Artic" and "Frig-Tropic" are obviously identical in meaning, each connoting opposite extremes in temperature. While these extremes are, of course, inverted through a transposition of the hyphenated terms, the marks embody identical suggestions of the properties intended to be attributed to the motor oils.

In Independent Nail & Packing Co. v. Stronghold Screw Products, Inc., 7 Cir., 205 F.2d 921, 925, it was said:

"Of course no one has a right to preempt a word which has been commonly used to designate and identify the product to which it is applied. However, a trademark may consist of a word or words suggestive of the character of the goods or the properties which the owner of the mark wishes the public to attribute to them, such as "Holeproof", Holeproof Hosiery Co. v. Wallach Bros., C.C. [2 Cir.], 172 F. 859, and be valid."

We do not agree that the marks are "so highly suggestive" as to warrant the conclusion reached by the Assistant Commissioner. They are certainly no more suggestive than the marks "Dear to Me" and "Endearing" as applied to perfumes and toilet articles. Cecile Gagnon Co. v. Bourjois, Inc., 223 F.2d 731, 732, 42 CCPA 972. There, registration of "Dear to Me" was refused on the ground of confusing similarity of meaning. The court agreed that the marks also had a "considerable similarity in sound," but went on to state:

"Suffice it to say, that this court has recently held that marks substantially identical in meaning alone, but attached to identical goods, may result in the likelihood of confusion, despite the fact that such marks are wholly unlike both in sound and appearance. Hancock v. American Steel & Wire Co. of New Jersey, etc., 203 F.2d 737, 740, 40 C.C.P.A., Patents, 931."

Hillyard Chemical Co. v. Vestal Laboratories, Inc., 206 F.2d 926, 41 CCPA 701, 703, relied on by the examiner, is distinguishable on its facts. The marks there involved, "Shine-All" and "Briten-All," were highly suggestive of the nature of the goods to which they were applied—cleaning and polishing—but differed sufficiently in sound and appearance to avoid the likelihood of confusion.

Measured by the criterion of likelihood of confusion, mistake or deception to purchasers, we are persuaded that an ordinary prospective purchaser of Phillips' all-weather motor oil, faced with a choice of cans bearing, as indicative of origin, only the respective marks "Trop-Artic" and "Frig-Tropic" would be likely to be confused or mistaken.

We conclude that the marks now before us, when viewed in their entireties, and in every aspect, are so similar as to be likely, when applied to identical goods, to cause confusion or mistake or to deceive purchasers. If there were any doubt on the subject, that doubt would have to be resolved against the newcomer. Vanity Fair Mills, Inc. v. Pedigree Fabrics, Inc., 161 F.2d 226, 34 CCPA 1043.

The decision of the Assistant Commissioner is accordingly reversed.

Reversed.

MARTIN, J., did not participate in decision.