**DOW CORNING CORPORATION,**
Plaintiff,

v.

**APPLIED POWER INDUSTRIES, INC.,**
Defendant.

**No. 68 C 2297.**

United States District Court,
N. D. Illinois, E. D.

Aug. 11, 1970.

William A. Marshall and Owen J. Murray, Merriam, Marshall, Shapiro & Klose, Chicago, Ill., and Richard O. Ballentine, Dow Corning Corp., Midland, Mich., for plaintiff.

Roy E. Petherbridge, Petherbridge, O'Neill & Lindgren, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

DECKER, District Judge.

This is an appeal from a decision of the Trademark Trial and Appeal Board, 159 U.S.P.Q. 683 (1968), which refused to register Dow Corning's proposed trademark in Class 21 (Electrical Apparatus) and which ordered the cancellation of the same trademark in Class 6 (Chemicals). The opponent in that proceeding was Applied Power Industries, Inc., through its Blackhawk Manufacturing Co. division, which was the holder of a trademark in Class 23 (Cutlery, Machinery and Tools and Parts Thereof). Dow Corning commenced this civil action under 15 U.S.C. § 1071(b) to review the decision of the Trademark Trial and Appeal Board (hereinafter cited as Board).

Plaintiff manufactures chemical products which are sold as adhesives, protective coatings, and insulation. Defendant manufactures products used to repair automobiles, particularly frame straighteners and hydraulic jacks. The parties developed the trademarks in issue at about the same time. There was evidence to show that the designer of plaintiff's mark saw defendant's mark in the office of the designer of defendant's mark. However, it is clear that the trademarks were designed and developed independently of each other.

The important fact for purposes of development of the mark is that, as found by the Board, defendant was the first to apply its mark to its line of goods. Nothing in the evidence introduced in this court contravenes that finding. Plaintiff did offer testimony to show that it had used certain experimental labels up to two years prior to defendant's first use, but those labels differed considerably in design from the double rectangle trademark employed by defendant.

The trademark in question consists of two simple, equal rectangles, one located above the other, with a small space between them. The top rectangle in each trademark has a black background. Plaintiff has the words "DOW CORNING" written in white across the top rectangle, while defendant has "BLACKHAWK" written across the top rectangle in white. The bottom rectangle in both trademarks varies in color and has no writing on it.

The central issue is whether the Dow Corning trademark and the trademark of defendant Blackhawk Manufacturing Company are so similar that when applied to the products they sell, confusion or mistake is likely. 15 U.S.C. § 1052(d). The Board found that the substantially identical design portions of the two trademarks were distinctive and therefore distinguishing, *per se*. The Board also found that the parties applied their marks to overlapping products. It concluded that confusion or mistake was likely when the parties applied their respective marks to the goods they sold.

Before considering plaintiff's claims, this court's scope of review under 15 U.S.C. § 1071(b) must be defined. Upon review of a decision of the Board before the district court, the party dissatisfied with the decision is entitled to a trial *de novo*. That is, it is entitled to introduce new evidence before the court. Wilson Jones Co. v. Gilbert & Bennett Mfg. Co., 332 F.2d 216 (2d Cir. 1964). However, the Board's findings of fact must be accepted by the court as controlling, unless the contrary is established by evidence which in character and amount carries thorough conviction. Morgan v. Daniels, 153 U.S. 120, 14 S. Ct. 772, 38 L.Ed. 657 (1894); Watkins Products, Inc. v. Sunway Fruit Products, Inc., 311 F.2d 496 (7th Cir. 1962), cert. denied, 373 U.S. 904, 83 S.Ct. 1291, 10 L.Ed.2d 199 (1963).

Plaintiff introduced substantial new evidence in this court. Expert testimony was introduced to the effect that the word portion of the marks in question was dominant, and that the background portion was not distinctive *per se*. Moreover, a marketing expert testified

that the products of the parties did not overlap, and this testimony was supported by the testimony of plaintiff's automotive market manager to the effect that plaintiff sold few products in the automotive after-market. Testimony was also given showing that plaintiff's mechanical oil was readily distinguishable from defendant's hydraulic oil. And plaintiff also introduced examples of third-party marks, including some in the automotive industry, which used double-rectangle backgrounds.

The Board found that the design portion dominated the trademarks to the exclusion of the word elements. It concluded that the double rectangle design was distinctive and therefore distinguishing, *per se*. With this conclusion I cannot agree.

■ The trademarks in issue are composite marks, composed of figurative and literal elements. In determining whether they are distinctive, they must be examined in their entirety, although individual features of the two marks may be analyzed in order to determine whether they are confusingly similar. House of Worsted-Tex. v. Deering Milliken & Co., 233 F.2d 333, 43 C.C.P.A. 908 (1956).

Assuming, contrary to the Board's finding, that the literal portion of the trademarks is the dominant feature, the two are clearly distinguishable. The words "DOW CORNING" cannot be mistaken for the word "BLACKHAWK". The Board found that the word marks of the parties might well merge into their dark backgrounds when viewed from a distance. However, the parties' products are not the type that are purchased at a distance, hence the words will not likely be merged into the background. *Cf*. Rock of Ages Corp. v. Hudak Bros. Monument Works, 128 U.S.P.Q. 346 (T.T.A.B.1961).

Assuming that the Board was correct in finding that the design portion of the mark is dominant, it erred in concluding that the double rectangles are distinctive and distinguishing, *per se*. The designer of the Blackhawk trademark testified that two rectangles, by themselves, had no distinctiveness. On direct examination by defendant, Mr. Mac-Murray testified:

"I would have to say that through the years I have seen thousands of combinations of rectangles, some of which undoubtedly were red and black."

■ It is well settled that common basic shapes such as circles, squares, ovals, and rectangles, when used as vehicles for the display of a word mark, do not indicate the origin of the goods and hence cannot be appropriated exclusively, absent a showing of secondary meaning. American Can Co. v. Marcel Paper Mills, Inc., 152 U.S.P.Q. 772 (T.T.A.B. 1967) (oval);[1] Rock of Ages Corp. v. Hudak Bros. Monument Works, *supra* (circle);[2] Application of Hillerich & Bradsby Co., 204 F.2d 287, 40 C.C.P.A. 990 (1953) (oval); Marcalus Mfg. Co. v. Watson, 103 U.S.App.D.C. 299, 258 F.2d 151 (1958) (oval). In cases where the background is not a common shape but is inherently distinctive, there is no requirement of a secondary meaning. See In re Omni Spectra, Inc., 143 U.S.P.Q. 458 (T.T.A.B.1964); W. B. Roddenbery Co., Inc., 135 U.S.P.Q. 215 (T.T.A.B.1962).

Plaintiff introduced evidence to show that many third parties, including Lincoln-Mercury and others in the automotive industry, used similar double-rectangle designs for the background of their trademarks. This evidence, along with the fact that plaintiff's mark was applied to its goods only shortly after defendant's mark, carries thorough conviction that defendant's double-rectangle

---

1. Two of the three Board members who concurred in the *American Can Co*. opinion likewise participated in the unanimous opinion of the Board in the instant case.

2. Member Shryock wrote both the *Rock of Ages* opinion and the opinion in the instant case. Member Waldsteicher concurred in both unanimous opinions.

design did not, by itself, demonstrate any secondary meaning.

The Board also found that the products marketed by the parties were overlapping. However, of the approximately six thousand products sold by plaintiff, hydraulic fluid was the only one found to overlap. Plaintiff manufactures silicone-based chemical products, while defendant manufactures mechanical lifting and collision repair equipment, as well as hydraulic fluid for use in this equipment. Plaintiff offered testimony that its silicone-based mechanical fluid was different from defendant's hydraulic fluid, and that the former could not safely be used in one of the defendant's hydraulic machines. Defendant never adequately rebutted this evidence, which carried thorough conviction that the parties do not manufacture the same or similar products.

■ It is well settled that in cases involving the question of confusing similarity, each case is to be decided on its own facts. Fleischmann Distilling Corp. v. Maier Brewing Co., 314 F.2d 149 (9th Cir. 1963). The court must consider numerous factors in determining whether there is confusing similarity. Not only is it important to know whether the marks are similar and whether the products are overlapping, but it is also important to know whether the parties sell their products in different markets, and whether there has ever been any actual confusion between the parties' products. Polaroid Corp. v. Polarad Electronics Corp., 287 F.2d 492 (2d Cir. 1961); Chester Barrie, Ltd. v. Chester Laurie, Ltd., 189 F.Supp. 98 (S.D.N.Y.1960).

■ Applying these principles, it is clear that no confusion existed between the products sold by the parties under their trademarks. For instance, while the parties sold goods in both the automotive after-market and original equipment machinery market (a finding made below by the Board), the products sold by each party in the individual markets were not overlapping, competitive, or otherwise related. Plaintiff showed that of the thousands of products it manufactures, only seven are sold in the automotive after-market, and none of those seven competes with or overlaps with any of defendant's products.

Similarly, there was no evidence of any actual confusion between products of the parties sold under the trademarks at issue. Neither party had ever received orders for products manufactured by the other. And defendant's general manager admitted that he had never seen a display in a retail store where defendant's products were located near those of plaintiff. While a showing of actual confusion is not controlling, it is one of the facts to be considered in cases of this sort.

In conclusion, the plaintiff has introduced evidence which in character and amount carries thorough conviction that the findings of the Board were in error. The double-rectangle design portion of defendant's trademark is not distinctive and distinguishing, *per se*; the products marketed by the parties under the trademark in issue are not overlapping; the parties do not sell similar products in the same market; and there has been no actual confusion of the parties' products. Hence, the parties' trademarks are not such that when applied to the products they sell, confusion or mistake is likely.

The judgment of the Trademark Trial and Appeal Board is reversed with directions to the Board to register No. 232,197 in Class 21 and to reinstate No. 804,469 in Class 6.