31 C.C.P.A.(Patents)

## CROWN FABRICS CORPORATION v. AMERICAN VISCOSE CORPORATION.
### Nos. 4876–4879.

Court of Customs and Patent Appeals.
Oct. 2, 1944.

Eric Y. Munson, of New York City (Roberts B. Larson, of Washington, D. C., of counsel), for appellant.

Howson & Howson, of New York City (Charles H. Howson and Margaret Wagner Smith, both of New York City, William A. Smith, Jr., of Washington, D. C., and Hubert A. Howson, of New York City, of counsel), for appellee.

Before BLAND, Acting Presiding Judge, and HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

These are appeals in trade-mark opposition proceedings from the decision of the Commissioner of Patents, who affirmed the decisions of the Examiner of Interferences sustaining appellee's notices of opposition and holding that appellant was not entitled to the registration of its four trade-marks "Crownfast," "Crownperm," "Crownshrunk," the word "shrunk" being disclaimed apart from the mark as shown, and a pictorial representation of a crown, each of which, according to the four applications for registration, was for use on identical goods, that is, "Cotton, Spun Rayon and Spun Acetate Fabrics, and Mixtures Thereof, in the Piece." [1]

[1] These appeals were originally decided by this court on the nineteenth day of June 1944. Thereafter, counsel for appellee filed a petition for rehearing, requesting that the court revise certain language in its decision which, it was

In its applications for registration filed July 24, 1940, appellant alleged that it had used its marks "Crownfast," "Crownperm," and "Crownshrunk" on its goods since July 9, 1940.

In its application for registration filed February 7, 1940, appellant alleged that it had used its trade-mark comprising a pictorial representation of a crown on its goods since 1930.

Prior to, or at the time of, the hearing before the Commissioner of Patents, the opposition proceedings were consolidated and, accordingly, were disposed of by the commissioner in one decision.

Appellant filed four notices of appeal to this court and four petitions for appeal in this court. However, the appeals to the commissioner having been consolidated and the four appeals to this court having been presented by counsel for both parties as a consolidated appeal, we shall dispose of the issues presented in one decision.

Appellee is the owner of registration No. 265,436, issued December 24, 1929, for a trade-mark consisting of the word "Crown" and a pictorial representation of a crown for use on rayon yarn.

It appears from the record that appellee and its predecessor have used the word "Crown" or a pictorial representation of a crown as trade-marks on rayon yarn since 1925, and that appellee has permitted various corporations, by license agreements, to use its trade-marks on fabrics made from its rayon yarn.

According to its license agreement with the appellant company dated January 2, 1940 (appellee's Exhibit No. 8), appellee required appellant, as a purchaser of its yarn, to have the fabrics made from such yarn approved by the Better Fabrics Testing Bureau, Inc., and, as stated in the exhibit, permitted the appellant company to use appellee's "Crown" trade-mark, "in either representation or word," and the words "Crown Tested Quality or Tested Quality" on labels, stickers, tags, or other forms of identification on its fabrics, provided the fabrics were tested as aforesaid. Appellee also required in that agreement that it should have sole control "over the purchasing, wording, form and issuing of all labels, stickers, tags, or other kinds of

identification, etc.," which contain either the term "Crown" or a pictorial representation of a crown and the words "Crown Tested Quality or Tested Quality."

The appellant company agreed in that license agreement to identify its goods by appellee's "Crown" trade-mark and the phrase "Crown Tested Quality."

Substantially the same agreement was entered into by the involved parties on January 3, 1939 (appellee's Exhibit No. 7), and on December 8, 1932 (appellee's Exhibit No. 6).

Each of the license agreements referred to provided that it might be cancelled by either party upon not less than one day's written notice.

It clearly appears from the record that appellee is the owner of the word "Crown" and a pictorial representation of a crown for trade-mark use on rayon yarn; that its marks have been used by appellant and other licensees on fabrics made from appellee's rayon yarn; and that appellee has extensively advertised its goods and its marks.

It further appears from the record that many of appellant's customers referred to its fabrics as "Crown fabrics."

That appellant's fabrics should become known as "Crown fabrics," is not strange in view of the license agreements entered into by appellant and appellee.

■ Several of appellee's witnesses stated that, in their opinion, there would be no confusion between appellant's trade-marks and those of appellee if used concurrently on the goods of the respective parties. Such opinions, although entitled to be given consideration for what they are worth, are not binding on the tribunals of the Patent Office or on this court.

■ It is contended by counsel for appellant that the adoption and use of appellant's trade-marks are not covered by the license agreements entered into by the parties, but grow out of appellant's corporate name. Counsel also contends that appellee is estopped from asserting confusing similarity of the marks of the parties, because, it is alleged, appellee condoned appellant's use of the trade-marks here involved. In support of his conten-

contended, was not necessary to a decision in the case. The rehearing was granted October 2, 1944, solely for the purpose of permitting the court to revise

the language in its decision to which counsel for appellee had directed the court's attention.

tions, counsel cites the cases of Heger Products Co. v. Polk Miller Products Corp., 47 F.2d 966, 18 C.C.P.A., Patents, 1106, and Malone v. Proctor & Gamble Co., 65 F.2d 154, 20 C.C.P.A., Patents, 1150.

In each of those cases it was held, in substance, that where an applicant for the registration of his mark had, by his conduct, led others, who used similar marks on goods of the same descriptive properties as those of the applicant, to believe that there was no objection to such use and, in fact, consented to such use, he would be estopped from claiming exclusive ownership of the mark and from registering the same.

Those cases have no bearing on the issues here presented.

We find nothing in the record to indicate that appellee ever condoned appellant's use of its involved marks, except as such marks might have been used under the license agreements entered into by the parties.

As stated in the decision of the commissioner, appellant has appropriated opposer's marks in their entirety. It has appropriated the word "Crown," as well as a pictorial representation of a crown, and has used them on goods of the same descriptive properties as those on which appellee uses its marks.

That the marks of the parties are confusingly similar can not be seriously questioned.

Whatever right appellant might have to use its marks under its license agreements with appellee, it obviously is not entitled to the exclusive use of such marks, and, therefore, is not entitled to register them.

For the reasons stated, the decision of the commissioner is affirmed.

Affirmed.

GARRETT, Presiding Judge, did not participate in the consideration or decision of this case.

LENROOT, Judge, sat during the arguments of this case, but resigned before the opinion was prepared.