43 C.C.P.A.(Patents)

**The QUAKER OATS COMPANY,**
Appellee,

v.

**ST. JOE PROCESSING COMPANY,**
**Inc., Appellant.**

**Patent Appeal No. 6204.**

United States Court of Customs
and Patent Appeals.

April 18, 1956.

654

Woodson, Pattishall & Garner, William T. Woodson and Beverly W. Pattishall, Chicago, Ill., for appellant.

No appearance or brief for appellee.

Before JOHNSON, Acting Chief Judge, and WORLEY and JACKSON (retired), Judges.

JOHNSON, Acting Chief Judge.

This is an appeal from the decision of the Commissioner of Patents, speaking through the Assistant Commissioner, 102 USPQ 451, sustaining the decision of the Examiner of Interferences which dismissed appellant's notice of opposition seeking to prevent registration of the mark "Vit-A-Pep" for feeds for poultry, turkeys, hogs, dairy cattle, and stock.

Appellant is the owner of the mark "Ful-O-Pep" for poultry feed, turkey feed, dog food, and stock feeds, and possesses the following registrations: No. 188,553 (August 26, 1924), No. 274,364 (August 26, 1930), No. 390,109 (September 9, 1941), No. 396,301 (July 7, 1941), No. 524,662 (May 2, 1950), and No. 524,663 (May 2, 1950).

In its notice of opposition appellant alleged, insofar as pertinent here, that appellee's mark "Vit-A-Pep" is confusingly similar to appellant's registered mark "Ful-O-Pep," and is likely to cause confusion and mistake in the mind of the public as to the origin of appellee's goods.

Appellant submitted deposition testimony of Colin S. Gordon, Vice President of the Quaker Oats Company. Mr. Gordon testified that the mark "Ful-O-Pep" was used continuously by The Quaker Oats Company since 1917 in a region east of the Rocky Mountains until 1940 when its use became national. It was further testified that appellant has sold five and one-half million tons of animal feeds under the mark "Ful-O-Pep." It

was also stated in the testimony that appellant has widely advertised its "Ful-O-Pep" animal feeds by newspaper, trademagazines, farm magazines, and radio; and has spent in excess of nine and one-half million dollars in advertising featuring its "Ful-O-Pep" trade-mark. Mr. Gordon also stated that appellant spent approximately $700,000 in advertising "Ful-O-Pep" during the year 1951, and that its advertising budget was in excess of the foregoing amount for the year 1953.

Appellant also introduced deposition testimony of numerous witnesses who were either farmers or feed dealers. Their testimony, insofar as pertinent here, was to the effect that they were familiar with the mark "Ful-O-Pep," having either sold or used feeds bearing that trade-mark. These witnesses also professed familiarity with advertising relating to the mark. It is also to be noted that the witnesses gave their opinions that customers would be confused by the marks "Ful-O-Pep" and "Vit-A-Pep" in the sense that these customers would believe that products appearing under the name "Vit-A-Pep" were manufactured by the company manufacturing "Ful-O-Pep" products.

Applicant-appellee, St. Joe Processing Company, Inc., filed no testimony, but filed a brief and was represented at the hearing before the Examiner of Interferences. However, appellee has neither filed a brief nor appeared for argument before our court.

The Examiner of Interferences was of the opinion that the marks "Vit-A-Pep" and "Ful-O-Pep" were not confusingly similar and dismissed the notice of opposition. In so doing, he stated:

"It is noted in the comparison of the notations 'Vit-A-Pep' and 'Ful-O-Pep' that they are alike primarily in that both are composed of three syllables, and that both end in the word 'Pep'. The initial portions of the marks consisting of the syllables 'Vita-A' [sic] and 'Ful-O' obviously contain nothing in common other than that they comprise the first

two syllables of the marks as a whole. These differences in the initial portions of the marks, it is believed render the marks as a whole so totally different in appearance, sound, and meaning, as to enable their contemporaneous use for the goods here involved, which obviously are purchased with care and certain amount of discrimination, without any reasonable likelihood of confusion, or mistake, or deception of purchasers as to the origin thereof."

An appeal was taken to the Assistant Commissioner by the present appellant. Insofar as pertinent here, the Assistant Commissioner stated:

"The marks of the parties do not look alike, aside from the fact that they each comprise a succession of three letters, a hyphen, a capital letter, a hyphen, and the word 'Pep.' Purchasers do not, in my opinion, analyze trade-marks to that extent. The marks do not sound alike; and their connotations are different. They create entirely different commercial impressions. It is not believed that confusion, mistake or deception is likely to result if applicant's mark is registered."

Appellant has appealed to us from the concurrent holdings of the tribunals below that the marks "Ful-O-Pep" and "Vit-A-Pep" would not be likely to cause confusion. There is no doubt that the goods of the parties are identical. Furthermore, with respect to priority of use of the respective marks, the record indicates that appellant was the prior user of its mark. In this respect, the statement of the Examiner of Interferences, " * * * [it] is conceded by the applicant [appellee], that the opposer [appellant] was first in the use of its mark, * * *" has not been controverted, and must therefore be accepted as being accurate.

The sole question before us on appeal is whether the marks "Ful-O-Pep" and "Vit-A-Pep," when applied to identical goods, are so similar as to be likely to cause confusion in the trade and mislead purchasers.

Before reaching the main issue in the present case, we deem it necessary to comment on the weight to be given the witnesses' opinions that the marks would be likely to cause confusion. In this respect it has been held that such testimony amounts to nothing more than an expression of opinion by the witness, which obviously is not binding upon either the tribunals of the Patent Office or the courts. Ciba Pharmaceutical Products, Inc., v. Abbott Laboratories, 121 F.2d 551, 28 C.C.P.A., Patents, 1315; Crown Fabrics Corp. v. American Viscose Corp., 145 F.2d 246, 32 C.C.P.A., Patents, 701. If such testimony were adopted without considering other aspects of the case, the effect would be to substitute the opinions of the witnesses for the ultimate decision to be reached by the court and would therefore be improper.

We now reach the question of whether the marks are so similar that they would be likely to cause confusion when applied to the identical goods of the parties. A part of the applicable law was stated in our recent case of L. J. Mueller Furnace Co. v. United Conditioning Corp., 42 C.C.P.A., Patents, 932, 222 F.2d 755, 757. We therefore quote the following portion of that case:

"The test applied by this court in an opposition proceeding is the likelihood of confusion in the minds of the purchasing public as to the origin of the goods. Nestle's Milk Products, Inc., v. Baker Importing Co., Inc., 182 F.2d 193, 37 C.C.P.A., Patents, 1066; Standard Laboratories, Inc., v. Procter & Gamble Co., 167 F.2d 1022, 35 C.C.P.A., Patents, 1146. This is a subjective test. Therefore prior decisions are of little value since each case must be decided on its own particular set of facts. North Star Manufacturing Co. v. Wells Lamont Corp.,

193 F.2d 204, 39 C.C.P.A., Patents, 764.

"However, various rules have been developed for the purpose of aiding in the determination of the question of confusing similarity. It is well settled that the marks must be considered in their entireties, Apollo Shirt Co. v. Enro Shirt Co., Inc., 165 F.2d 469, 35 C.C.P.A., Patents, 849; Valpo Co. v. Solis, Entrialgo y Compania, 175 F.2d 457, 36 C.C.P.A., Patents, 1160. But different features may be analyzed to determine whether the marks are confusingly similar, Hoffman-La-Roche, Inc., v. Kawerk, 148 F.2d 557, 32 C.C.P.A., Patents, 954, and similarities and dissimilarities, should both be considered, Younghusband v. Kurlash Co., Inc., 94 F. 2d 230, 25 C.C.P.A., Patents, 886.

"It has also been held that the common portions of the marks cannot be disregarded, Schering & Glatz, Inc., v. Sharp & Dohme, Inc., 146 F.2d 1019, 32 C.C.P.A., Patents, 827. * * *"

Furthermore, in determining the likelihood of confusion between marks on identical goods, it is proper to consider their appearance, sound, and meaning. Hancock v. American Steel & Wire Co., etc., 203 F.2d 737, 40 C.C.P.A., Patents, 931; Firestone Tire & Rubber Co. v. Montgomery Ward & Co., 150 F.2d 439, 32 C.C.P.A., Patents, 1074.

We will now proceed to analyze the marks "Ful-O-Pep" and "Vit-A-Pep" in view of the foregoing applicable law. In considering the marks in their entireties, it can be readily seen that they both consist of three syllables separated by hyphens. In this respect, the marks would tend to look alike. Furthermore, the marks, when different features thereof are analyzed, both have the suffix "Pep" in common. The marks are dissimilar in that one has the words "Ful-O" and the other "Vit-A" as prefixes. We are of the opinion that "Ful-O-Pep" and "Vit-A-Pep," when viewed in their entireties, are not confusingly similar. Even if they are not viewed in their entireties, but the similarities and dissimilarities are compared, we find that while the suffixes "Pep" are identical, the prefixes "Ful-O" and "Vit-A" do not look alike or sound alike. We feel that the dissimilarities by far outweigh the similarities, and thus cause the terms in their entireties to be more different than alike. Furthermore, we cannot see where the marks have the same meaning. It is therefore our opinion that the concurrent use of the marks "Vit-A-Pep" and "Ful-O-Pep" would not be likely to cause confusion in the trade.

We have carefully considered all of appellant's arguments, but we are of the opinion that the decision appealed from should be affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate.

WORLEY, J., concurs in the conclusion.

O'CONNELL and COLE, JJ., because of illness, did not participate in the hearing or decision of this case.