48 CCPA

**JONES & LAUGHLIN STEEL CORPORATION, Appellant,**

v.

**WINTER SEAL CORPORATION, Appellee.**

**Patent Appeal No. 6682.**

United States Court of Customs and Patent Appeals.
July 7, 1961.

---

**2.** The annular cylinder contained within the peripheral portions of the flywheel.

946

G. R. Harris, Pittsburgh, Pa. (Davidson C. Miller, Washington, D. C., of counsel), for appellant.

Robert A. Sloman, Detroit, Mich., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

WORLEY, Chief Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board dismissing an opposition by appellant, Jones & Laughlin Steel Corporation, to an application of appellee, Winter Seal Corporation, for registration of "Jal-Master" as a trademark for jalousie doors and windows. The opposition is based on opposer's prior registration and use of the following trademarks: "Jalloy" for metal in bar form, metal wire and metal structural shapes; "Jal-Duct" for steel pipe; "Jal-Dor" for doors; "Jalten" for sheet metal and plates; and "JalZinc" for zinc coated steel sheets.

The only issue is whether concurrent use of the marks by the parties on their respective goods would be likely to result in confusion, mistake, or deception of purchasers within the meaning of Section 2(d) of the Lanham Act, 15 U.S. C.A. § 1052(d).

The board held, and we think correctly, that apart from the mark "Jal-Dor," the goods to which opposer's marks are applied are so different from applicant's jalousie doors and windows that confusion would be unlikely. However, opposer's "Jal-Dor" mark is applied to the same type of goods, particularly jalousie doors, as applicant's "Jal-Master," thus the question is whether the marks themselves are so similar as to make confusion likely.

The only component common to the marks is "Jal." The board was of the opinion that the "Jal" prefix "would readily suggest to purchasers that the goods of the parties comprise jalousies." We think that is a reasonable conclusion even though "Jal," which represents the first letters of Jones and Laughlin, originally had no descriptive significance and is used on other products in a non-descriptive fashion. But when "Jal" is coupled with "Dor," an obvious misspelling of "door," the suggestive nature of both words weakens their trademark strength. While it is also true that the "Jal" in "Jal-Master" suggests the nature of the goods and to that extent weakens its trademark strength, the word "Master" has no descriptive connotation.

Viewing the marks as a whole, as they are viewed in the market place, we think there are sufficient differences in sound, appearance, spelling and meaning to preclude a likelihood of purchaser confusion.

Full consideration has been given appellant's arguments, including its claim to "Jal" as a part of a family of marks, the testimony of its witnesses, and various citations, but we are not persuaded that the board erred in dismissing the opposition.

The decision is affirmed.

Affirmed.

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 United States Code.