48 CCPA

JONES & LAUGHLIN STEEL CORPO-
RATION, Appellant,

v.

JONES ENGINEERING CO., Appellee.

Patent Appeal No. 6681.

United States Court of Customs
and Patent Appeals.
July 7, 1961.

G. R. Harris, Pittsburgh, Pa. (David-
son C. Miller, Washington, D. C., of coun-
sel), for appellant.

Carlton Hill, Hill, Sherman, Meroni,
Gross & Simpson, Chicago, Ill., for ap-
pellee.

Before WORLEY, Chief Judge, and
RICH, MARTIN, and SMITH, Judges,
and Judge WILLIAM H. KIRKPAT-
RICK.*

WORLEY, Chief Judge.

Appellee seeks registration of "Jal-
O-Vent" for use on "Ventilators to be
Mounted in Glass Block Wall Areas of
Houses and the Like." Use since July 8,
1957, is alleged. Registration is opposed
by appellant, Jones & Laughlin Steel Cor-
poration, on the basis of prior use and
registration of "JALCASE" for hot
rolled and cold finished steel bars;[1]
"JALLOY" for metal in bar form and
metal wire,[2] and for metal structural
shapes;[3] "JAL-DUCT" for steel pipe;[4]
"JAL-DOR" for doors;[5] "Jalten" for
sheet metal and plates;[6] and "JAL-
ZINC" for coated steel plates.[7]

The sole issue here as below is
whether concurrent use of the marks on
the respective goods of the parties would
be likely to result in confusion of pur-

---

* United States Senior District Judge for
the Eastern District of Pennsylvania,
designated to participate in place of
Judge O'CONNELL, pursuant to provi-
sions of Section 294(d), Title 28 United
States Code.

1. Reg. No. 230,894 issued August 9, 1927.

2. Reg. No. 512,088 issued July 12, 1959.

3. Reg. No. 527,816 issued July 18, 1950.

4. Reg. No. 545,237 issued July 17, 1951.

5. Reg. No. 596,575 issued October 12,
1954.

6. Reg. No. 618,874 issued January 10,
1956.

7. Reg. No. 646,730 issued June 11, 1957.

chasers within the meaning of Section 2 (d) of the Lanham Act, 15 U.S.C.A. § 1052(d).[8] The Trademark Trial and Appeal Board held in the negative and dismissed the opposition.

From the record it appears that opposer applies its various "JAL" marks to certain metal products generally used in the construction industry. In particular, its "JAL-DOR" mark, acquired by assignment from a so-called "related company," is applied to jalousie doors principally made of aluminum.

In reference to applicant's goods, the record shows that its "JAL-O-VENT" mark is used on jalousie windows which generally consist of an extruded aluminum frame supporting glass louvers and a screen, the frame being designed to be received in, and form a permanent part of, a glass block wall.

In dismissing the opposition the board stated:

"It might well be that opposer is known in the field of trade to which most of its products pertain as the owner of a 'family' of marks characterized by the prefix 'Jal'. Apart, however, from the mark 'Jal-Dor', the members of said family are used in connection with products which are so distinctly different from that sold by applicant under the mark 'Jal-O-Vent' that purchasers of applicant's product would not be likely to assume merely because of the inclusion of 'Jal' in applicant's mark that such goods originated with opposer.

"While 'Jal-Dor' jalousie doors and 'Jal-O-Vent' jalousie ventilators are closely related products, there can be no doubt but that to purchasers of such goods, 'Jal' and 'Jal-O' would immediately suggest a jalousie product and not opposer. Considering therefore the highly suggestive nature of the common component of these marks, it is concluded that the differences in the marks are sufficient to obviate any likelihood of confusion, mistake or deception of purchasers."

In asking us to reverse the board's decision, opposer urges that it is the owner of a family of marks characterized by the prefix "JAL," which was chosen to represent the initial letters of the words "Jones and Laughlin," and that anyone seeing "JAL" as part of a trademark would regard that mark as another member of the family. In support thereof, it cites the testimony of several witnesses in the construction industry familiar with Jones & Laughlin products. They stated, in effect, that they would have assumed, when first encountering the mark "JAL-O-VENT," that it denoted another product of that company. The witnesses did not cite any instances of actual confusion but merely expressed an opinion as to the origin of the goods. Such opinions are not controlling. Quaker Oats Co. v. St. Joe Processing Co., Inc., 232 F.2d 653, 43 CCPA 892, and cases cited therein.

Moreover, as between opposer's "JAL-DOR" mark for jalousie doors and applicant's "JAL-O-VENT" for ventilators it is obvious that their only common feature is the "JAL" prefix, which is clearly suggestive of the jalousies on which the marks are used, and has little if any trademark significance. As observed in Jones & Laughlin Steel Corporation v. Winter Seal Corporation, 291 F.2d 945, 48 CCPA ——, " * * * when 'Jal' is coupled with 'Dor,' an obvious misspelling of 'door,' the suggestive nature of both words weakens their trademark strength." .

---

8. Sec. 2. "Trade-marks registrable on the principal register;

"No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—

 *  *  *  *  *

"(d) consists of or comprises a mark which so resembles a mark registered in the Patent Office or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion or mistake or to deceive purchasers: * * * ".

In our opinion the obvious differences in the marks in their sound, spelling, pronunciation and meaning are such as to obviate any likelihood of confusion.

The contention of opposer that a third party possesses rights in "JAL-O-VENT" which are superior to applicant's is not pertinent. We fail to see how the rights of a stranger to this proceeding has any bearing on the issue of likelihood of confusion. Moreover, opposer has no standing to assert damage to itself because of third party rights. See Pocahontas Operators Association v. Carter Coal Co., 160 F.2d 114, 34 CCPA 926, 927, and Revere Paint Co. v. 20th Century Chemical Co., 150 F.2d 135, 32 CCPA 1096. Insofar as opposer urges that applicant's mark is incapable of indicating origin because of a third party use, that contention is not supported by the record.

The decision is affirmed.

Affirmed.