MARCALUS MANUFACTURING CO.,
Inc., Plaintiff,

v.

Robert C. WATSON, Commissioner of
Patents, Defendant.

Civ. A. No. 5513-55.

United States District Court
District of Columbia.

Nov. 1, 1957.

J. Preston Swecker, William L. Mathis, Washington, D. C., and Robert F. Beck, Patterson, N. J., on behalf of plaintiff.

C. W. Moore, Solicitor, U. S. Patent Office, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action against the Commissioner of Patents to review his denial of an application made by the plaintiff for the registration of a trademark. The trademark in question consists of an oval of a maroon color. Nothing is written or printed on the trademark, and no other figure or matter is superimposed on it. The question is whether a maroon oval and nothing else, may be registered as a trademark in behalf of the plaintiff.

Plaintiff is the manufacturer and distributor of various paper products such as paper napkins, paper handkerchiefs, and other similar commodities. Most of these articles are sold under the trade name "Marcal"; a few under the trade name "Kitchen Charm", and at least one under the name "Marcal Freezer Paper". Each of the packages in which the goods are sold to the public bears on its face

the maroon oval on which is superimposed either the name Marcal, the name Kitchen Charm or the name Marcal Freezer Paper. The maroon oval is never used on packages sold to the public without the superimposition on it of one of the arbitrary names just mentioned. To be sure, some of the cartons in which the goods are shipped to retail outlets or wholesale distributors, carry the maroon oval on it without any legend or inscription. These cartons do not reach the ultimate consumer, who, whenever he buys any of the plaintiff's products always purchases a container bearing the maroon oval with the arbitrary name superimposed or printed on it. These arbitrary names have been registered as trademarks.

In the Patent Office the Examiner of Trademarks refused registration on the ground that the "oval merely serves as a background for the actual mark, or at best, but a fragment of the over-all design of the package."

On appeal the Assistant Commissioner of Patents affirmed the action of the Examiner, stating that:

"It is clear from an examination of the specimens that this ellipse or oval of varied sizes and shapes is a part of the color design of the boxes and wrapping paper and is used, not as a trademark, but as a background for the display of its registered trademark 'Marcal' and for other informational material—with or without the trademark."

Again, the Assistant Commissioner stated:

"The maroon ellipse or oval of various sizes and shapes which is used by this applicant as a part of its package design and as background for its trademark 'Marcal' as well as other informational material, is not used as, and does not perform the function of a trademark."

■ A trademark is an arbitrary sign, word, or design, or any of them in combination, used by the manufacturer or dealer in a particular product to differentiate his goods from other similar articles, and which has been accepted by the public as a distinguishing mark for that purpose. In each instance it is a question of fact whether the mark that the plaintiff desires to register as his trademark is in fact such a distinguishing mark and has been accepted by the public as such. Much depends upon the facts of each case. Consequently, although on first reading, some of the cases in this narrow field seem difficult to reconcile, on further analysis they are all consistent with each other and they are distinguishable on the basis of the factual situation and the evidence that was presented.

■ There is no doubt that a geometrical figure of a particular color may be registered as a trademark provided it is in fact the distinguishing mark of the applicant and is associated in the minds of the public with the applicant's goods. Thus, in Layton Pure Food Co. v. Church & Dwight Co., 8 Cir., 182 F. 24, it was held in an opinion of Walter H. Sanborn, Circuit Judge, that a picture of an annular band colored in a specific tint was a proper trademark. The Court pointed out, however, that the trademark must be acquired by adoption and by use so persistent and continuous that it comes to distinguish in the eyes and thought of the purchaser and of those who seek to purchase the goods of its owner from those of other makers and sellers. The Court found in that case that the mark there involved met this test.

In Hygienic Products Co. v. Coe, 66 App.D.C. 98, 101, 85 F.2d 264, 267, the Court of Appeals for the District of Columbia sustained the right to register a trademark consisting of a rectangular yellow panel bounded by a contrasting dark blue border applied to a can or other package containing the applicant's goods. The Court reached that conclusion, however, on the basis of the evidence in the case before it, for it stated:

"There is testimony in the record tending to show that this trade-mark

indicates the origin and ownership of the goods to those who are familiar with the goods and their use. There is also testimony in the record tending to show that the public, in purchasing these goods from dealers, identifies the goods by the mark, registration of which is here sought."

On the other hand, the Court of Appeals for the Third Circuit, in Campbell Soup Co. v. Armour & Co., 175 F.2d 795, held that Campbell Soup Company was not entitled to register as a trademark, an endless white band running around a container or a wrapper, the rest of which was red.

The latest case involving a somewhat similar situation is a decision of the Court of Customs and Patent Appeals in the Application of Hillerich & Bradsby Co., Cust. & Pat.App., 204 F.2d 287, 289. In that case the applicant was the manufacturer and distributor of baseball bats. It sought to register as a trademark, an oval imprinted upon its bats. The oval had inserted in it the words "Louisville Slugger", which did not constitute a part of this specific trademark. The Court held that the oval alone could not be registered as a trademark, pointing out that:

" * * * buyers never see applicant's bats with only the oval thereon. Consequently, it is clear that usage of the oval per se has never been attempted as an origin-designating medium. The oval, not being inherently distinctive, must acquire that quality through such usage and association as will establish in the minds of the buying public that the oval on a bat clearly indicates a bat manufactured by the applicant. Proof indicative of the fact that the oval has enjoyed long and extensive usage in connection with other registered word trade marks does not fulfill that burden, but on the contrary would appear to make the applicant's task more difficult."

There is no inconsistency between this decision and the case of Hygienic Products Co. v. Coe, 66 App.D.C. 98, 85 F.2d 264, decided by the Court of Appeals for this Circuit, which has already been discussed. In the latter case, as has already been stated, the testimony tended to show that the public accepted the trademark in question as indicative of the origin and ownership of the goods.

The question then in its ultimate analysis to be decided by this Court is whether the Patent Office erred in finding as a matter of fact that the maroon oval was not accepted by the public as a distinguishing feature of the plaintiff's goods, but merely served as a background for the actual mark, namely, the word "Marcal", which as has been noted has been registered as a trademark. The evidence, as has been stated, is conclusive and undisputed that the maroon oval has never been used alone on packages sold to the public. It always forms the background for the word "Marcal" or some other distinguishing name. A great many photographs have been introduced showing displays of plaintiff's goods in stores and elsewhere. In every instance the package carries the word "Marcal" or other similar name superimposed on a maroon oval. In fact one of the photographs contains a large sign placed on a wall above the display. That sign contains an oval in which is printed the word "Marcal". The oval is not maroon, but white. In other words, in that instance at least the plaintiff considered the distinguishing mark of its goods the word "Marcal" rather than the maroon oval on which it is imprinted in most instances.

The plaintiff, in an effort to show that the public accepts the maroon oval as a distinguishing mark of its goods, offered in evidence two surveys made by an expert interviewer. The survey in each instance was conducted in what is popularly known as a supermarket, that is, a store in which food products and other cognate goods, such as the plaintiff's products, are sold. One of the surveys

was made in a large store in mid-Manhattan, New York; the other in a similar store in a city in Connecticut. The interviewer in each instance stopped numerous customers in the store and showed them a package containing the maroon oval without the word "Marcal" or any other legend printed on it. The interviewer then asked that person whether he or she could identify the goods which were marketed in the package. Some of them said they did not know, while a great many others identified the package as being one in which Marcal products were dispensed.

The Court admitted this evidence over objection on the ground that it was admissible as an exception to the hearsay rule. One of the exceptions to the hearsay rule is that utterances of a third person made in the witness' presence may be admitted in evidence if they disclose that person's state of mind, but only for the purpose of disclosing his state of mind and not as proof of the facts therein stated. The Court is of the opinion that this evidence was admissible under that exception. A similar conclusion was reached by the Court of Appeals in the Third Circuit in United States v. 88 Cases, More or Less, etc., 187 F.2d 967.

A different question would be presented if the survey were a poll of public opinion and its purpose were to ascertain what members of the public thought about a particular subject. Such evidence would hardly come within this exception to the hearsay rule, and therefore the Court's ruling in admitting the testimony was limited to the specific type of survey here involved.

When we come, however, to weigh the probative value of this survey we are confronted with other considerations. Both surveys were made in stores in which the plaintiff's goods were marketed. At the time the question was asked, the person to whom the inquiry was addressed could either see the plaintiff's goods or had previously seen them, because they were located either in that person's line of vision or in the vicinity of the place where the person was standing. It became almost a guessing contest. The situation would be entirely different if such a survey were taken in a place in which the goods were not located and where the goods were not in the immediate vicinity so that they could be seen. Consequently the Court is unwilling to predicate any finding of fact on the basis of this survey, but regards this evidence as insufficient to overcome the findings of fact made by the Patent Office.

In the light of the foregoing discussion the Court finds no basis for overruling the Patent Office and reaching a different conclusion than it did in what is in the ultimate analysis, a question of fact.

Accordingly, the Court will grant judgment for the defendant, dismissing the complaint on the merits.

Counsel may submit proposed findings of fact and conclusions of law.