45 C.C.P.A. (Patents)
**Application of E. J. BRACH & SONS.**
**Patent Appeal No. 6374.**

United States Court of Customs and Patent Appeals.
June 18, 1958.

Cromwell, Greist & Warden, Chicago, Ill. (Fred S. Lockwood, Chicago, Ill., of counsel), for appellant.

Clarence W. Moore, Washington, D. C., for Commissioner of Patents.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, and RICH, Associate Judges.

JOHNSON, Chief Judge.

This is an appeal from the decision of the Assistant Commissioner of Patents, 112 U.S.P.Q. 267, affirming the decision of the Examiner of Trademarks which refused registration of applicant's alleged trademark. The "mark" sought to be registered consists of a decorative panel which forms the setting or serves as the background for applicant's registered mark "Brach's." [1] Following is a representation of the panel:

As set forth in the application for registration, the "mark" is used in connection with candy, use since February 11, 1953 having been asserted.

The record indicates that applicant uses the panel in question on approximately 99% of all its products, on advertising, letterheads, packages, etc. A number of advertisements of applicant's products are in the record but in none of them is the decorative panel sought to be registered used alone without "Brach's" superimposed thereon. There is no evidence in the record that the panel is ever used without applicant's word mark.

The examiner refused registration of the panel on two grounds:

(1) that it is "merely a non-distinctive frame or background design for the

1. Reg. No. 516,342, issued Oct. 18, 1949. Applicant is also the owner of Reg. No. 581,109, issued Oct. 13, 1953, for the combination of the decorative panel and the word "Brach's."

word 'Brach's' and, in the absence of evidence to the contrary, is felt incapable of distinguishing applicant's goods from those of others"; and

(2) that "the mark shown in the drawing is not the mark actually being used, but is only a portion of it."

The Assistant Commissioner did not break down her decision into two grounds, as did the examiner, though her decision seems to have been based upon the same considerations. A number of cases, included in which was In re Hillerich & Bradsby Co., 204 F.2d 287, 40 C.C.P.A., Patents, 990, were cited in support of her holding.

A petition for reconsideration was denied by the Assistant Commissioner, and applicant has appealed.

We are of the opinion that the decision below was correct and must be affirmed.

Since much stress has been placed on the Hillerich case, supra, by both the Assistant Commissioner and the Solicitor, it would be well to discuss that case at the outset. There, the applicant sought to register an oval line which appeared around the identifying words "Louisville Slugger" (and other words) on baseball bats. Registration was sought under § 2(f) of the Lanham Act (the secondary meaning section), applicant having admitted that the oval was not inherently distinctive. It was also admitted that the oval was never used without the identifying words. In the course of its opinion, this court stated:

> Concededly, buyers never see applicant's bats with only the oval thereon. Consequently, it is clear that usage of the oval per se has never been attempted as an origin-designating medium. The oval, *not being inherently distinctive*, must acquire that quality through such usage and association as will establish in the minds of the buying public that the oval of a bat clearly indicates a bat manufactured by applicant. * * * (Emphasis added.)

The court, not finding that the oval had acquired distinctiveness through use,

affirmed the refusal of registration of the oval.

The Solicitor urges the Hillerich case as standing for two propositions:

(1) "that mere background display of a mark is not registrable apart from the dominating word mark, except in those cases where secondary meaning is shown"; and

(2) "that subject matter which constitutes only a component of a composite mark is unregistrable."

Unless these propositions are amplified they are apt to be misleading. As to the first proposition, it must be made clear that it is not every case in which the background display of a mark is sought to be registered apart from the word mark with which it is associated that secondary meaning must be shown. It is only in those cases where what is sought to be registered is *"mere background material"* that this holds true. This distinction is important, for this court has approved the registration of background material apart from the word marks with which it is associated, without any proof of secondary meaning of the former. In re Swift & Co., 42 C.C.P.A.(Patents) 1048, 223 F.2d 950, 106 USPQ 286. One reading both the Swift and Hillerich cases can only conclude that the essential question is whether or not the background material is or is not *inherently distinctive*. (Note the italicized portion of the quote from the Hillerich case, supra.) If the background portion is inherently distinctive, no proof of secondary meaning need be introduced; if not, such proof is essential.

As to the Solicitor's second proposition, it must be noted that in the Swift case, there was no indication that the polka-dot background sought to be registered was ever used without the accompanying printed matter appearing in the specimens. If what the Solicitor is referring to when he uses the words "composite mark" is something equivalent to the "polka-dot-plus-words" specimens of the Swift case, his second proposition

would appear to be rebutted by the holding in that case. But if what is meant is that where the background material plus the word marks so blend together that they are inherently incapable of creating more than a single commercial impression, his views would be consistent with the Swift case. For the real significance of the Swift case is that the polka-dot background was distinctive apart from its accompanying words. In effect, the background material there was not part of a composite mark (the polka-dot design plus the word) but was *one of two distinctive marks*.

In the instant case, however, the background sought to be registered is not itself distinctive. We do not think that the average consumer of applicant's product will regard its background frills and curves as "an unmistakable, certain, and primary means of identification pointing distinctly to the commercial origin of such product," as this court felt was likely in the Swift case. In short, we feel that only a single commercial impression can be created from the use of applicant's background together with the word "Brach's."

The merits of Ex parte Dole Refrigerating Co., 111 USPQ 282 (Commr.Pats. 1956), cited by applicant, need not be discussed here, as this decision would not in any event be binding upon us.

For the foregoing reasons, the decision of the Assistant Commissioner is affirmed.

Affirmed.

WORLEY, J., concurring.

I concur solely on the basis of our decision in In re Hillerich & Bradsby Co., 204 F.2d 287, 40 C.C.P.A., Patents, 990.