**MARCALUS MANUFACTURING COMPANY, Inc., Appellant,**

v.

**Robert C. WATSON, Commissioner of Patents, Appellee.**

**No. 14306.**

United States Court of Appeals District of Columbia Circuit.

Argued May 21, 1958.

Decided June 26, 1958.

## 152

Mr. J. Preston Swecker, Washington, D. C., with whom Messrs. William L. Mathis, Washington, D. C., and Robert F. Beck, Paterson, N. J., were on the brief, for appellant.

Mr. Clarence W. Moore, Solicitor, United States Patent Office, for appellee.

Before FAHY, DANAHER and BURGER, Circuit Judges.

PER CURIAM.

Appellant sold paper products in wrappers which bore a maroon oval with the registered name "Marcal" and other words superimposed in the oval in white letters. This case arose when appellant sought to register the maroon oval by itself, without any wording.[1] The Patent Office refused registration, and appellant filed an action in the District Court under 15 U.S.C. § 1071, 15 U.S.C.A. § 1071 and 35 U.S.C. § 145. The District Court dismissed the complaint, concluding that the various maroon ovals by themselves were not in fact distinguishing marks for appellant's products.

■ Appellant argues that the statute does not allow refusal of registration of a mark on account of its nature, where the mark is a means whereby the goods "may be distinguished" from the goods of others.[2] It is, of course, a question of fact whether a given mark is a means whereby the applicant's goods "may be" distinguished from the goods of others, and in the case of a distinctive or unique mark this quality may readily appear and thus be presumed. But where the mark consists solely of a common basic shape, such as an oval,[3] we think it not proper to presume that such a mark is a means whereby the goods may be distinguished and thus entitled to be registered. The District Court properly received evidence offered by appellant to show the public had in fact come to accept the oval by itself as a symbol of appellant's goods, and we think there was no error in concluding that the evidence was insufficient.[4] We need not reach or decide what will be appellant's rights if he re-applies for registration and submits more persuasive evidence to overcome the presumption that a non-distinctive oval by itself is not a mark whereby appellant's "goods * * * may be distinguished."[5]

Affirmed.

1. The court below found that the oval without words had never been used on packages sold to the public, although appellant's shipping cartons (not ordinarily visible to the public) sometimes bore the oval by itself.

2. Trademark Act of 1905, 33 Stat. 725, 15 U.S.C. § 85. This Act has been superseded by the Lanham Act of 1946, 60 Stat. 428, 15 U.S.C. § 1052, 15 U.S. C.A. § 1052, but appellant's application was filed at a time when the 1905 Act was still in effect. The pertinent language is substantially the same in both acts.

3. While neither party made an issue of it, we note that the maroon oval sought to be registered by appellant varied in shade and shape on the wrappers for different products. It would appear, although of course we do not decide, that such variations in the mark bear upon the question of non-registrability.

4. See Hygienic Products Co. v. Coe, 1936, 66 App.D.C. 98, 85 F.2d 264, where a yellow rectangle with a blue border was allowed registration in light of evidence that the public actually identified the goods by means of that mark. See also Application of Hillerich & Bradsby Co., Cust. & Pat.App.1953, 204 F.2d 287.

5. The Patent Office readily concedes that a common basic shape may be registered, "provided it is in fact the distinguishing mark of the applicant * * *."