47 CCPA

**Application of SCHENECTADY VAR-
NISH COMPANY, Inc.**

Patent Appeal No. 6581.

United States Court of Customs
and Patent Appeals.

July 6, 1960

Cushman, Darby & Cushman, Wash-
ington, D. C. (Richard G. Kline, Wash-
ington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C.,
for the Commissioner of Patents.

Before WORLEY, Chief Judge, and
RICH, MARTIN, and SMITH, Judges,
and Judge WILLIAM H. KIRKPAT-
RICK.*

MARTIN, Judge.

This appeal is from the decision of the
Trademark Trial and Appeal Board af-
firming the refusal of the examiner to
register on the principal register for
"Synthetic Resins" a design consisting of
a cloud and a lightning flash superim-
posed thereupon. The application for
registration was filed on October 10, 1955
and alleges October 1, 1917 to be the date
of first use of the mark.[1] The specimens
filed with the application show that the
cloud and lightning flash design are ac-
tually used in conjunction with the word
"Schenectady," which word appears in
large letters across the central horizontal
section of the lightning flash.

The board found that the design pre-
sented for registration was always used
on applicant's labels and in its advertis-
ing in association with the word mark
"Schenectady." It also found that cer-
tain letters and "poll" evidence, about
which more will be said later, were in-
sufficient to show that the design itself
had trademark significance. The board
said:

> " * * * the background mate-
> rial presented here for registration
> plus the word mark 'Schenectady' so
> blend together that they are inher-
> ently incapable of creating more
> than a single commercial impression,
> and we do not think the average cus-
> tomer of applicant's product will

---

* United States Senior Judge for the East-
  ern District of Pennsylvania, designated
  to participate *in place of Judge O'Connell*,
  pursuant to provisions of Section 294(d),
  Title 28 United States Code.

[1]. The board appears to be correct in stat-
  ing that "It is questionable that appli-

cant has used the mark on synthetic res-
ins since 1917, * * *." The board
properly noted that "if applicant ulti-
mately prevails in this case, the Exam-
iner of Trademarks should require a
showing of such use, or applicant should
appropriately amend its application, be-
fore registration issues."

regard the so-called cloud and lightning background design standing alone as an unmistakable, certain and primary means of identification pointing distinctly to the commercial origin of such product. This holding is consistent with the opinion in the case just cited [E. J. Brach & Sons, 1958, 256 F.2d 325, 45 CCPA 998], as well as with those in In re Hillerich & Bradsby Co., 1953, 204 F.2d 287, 40 CCPA 990; Ex parte Dole Refrigerating Co., 111 USPQ 282 (Comr., 1956); In re Swift & Co., 1955, 223 F.2d 950, 42 CCPA 1048; and Marcalus Manufacturing Co. Inc. v. Watson, D.C.D.C.1957, 156 F.Supp. 161, affirmed 1958, 103 U.S.App.D.C. 299, 258 F.2d 151."

Also of record is appellant's prior registration, Registration No. 120,466, February 5, 1918, for "varnishes, enamels, stains, and colors in oil" which embodies a cloud and lightning bolt design. That registration was renewed for 20 years on February 5, 1958.

It is the position of appellant that the design is not *mere* background display. It is alleged that the board erred in failing to consider whether the design was "inherently distinctive." Appellant contends that since the design itself is "inherently distinctive," and identifies its goods and distinguishes them from those of others, it is registrable, none of the prohibitions of Section 2 of the Lanham Act being applicable, and that a showing of secondary meaning is unnecessary, since nothing more is required to secure registration of a distinctive design than is necessary to procure the registration of an arbitrary word mark. Furthermore, it is argued that there is ample evidence to prove that the design has become distinctive of appellant's goods.

The Patent Office argues that only a single meaning is imparted by the design and word mark superimposed thereupon and that the design itself is "mere background display," and is not registrable.

It is unnecessary to pass upon the question of whether appellant's design is intrinsically distinctive since sufficient evidence has been introduced to convince us that its design, apart from the word mark "Schenectady," has become distinctive of appellant's goods in commerce. Lanham Act, Sec. 2(f), 15 U.S.C.A. § 1052(f).

Presumably at the request of appellant, eleven of its industrial customers addressed letters to the Commissioner of Patents all of which were similar except as to the number of years of association between appellant and the responding companies. A typical letter reads as follows:

"Kennecott Wire and Cable Company
Subsidiary of Kennecott Copper Corporation
Phillipsdale (Rumford 16.) R. I.
Telephone Geneva 8–5200
"August 28, 1957
"Hon. Commissioner of Patents
Washington
D. C.

$$\left\{ \begin{array}{c} \text{Mail Division} \\ \text{Sep 30, 1957} \\ \text{U. S. Patent Office} \end{array} \right\}$$

"Dear Sir:

"We have been customers of the Schenectady Varnish Company, Inc., for 20 years and have purchased from them such products as wire enamel, which bore the trade mark including the picturization of a flash of lightning with cloud background.

"We have come to look upon this design as a trade mark identifying the products of Schenectady Varnish Company, Inc., only, and not of any other company in this field.

"Very truly yours,
Kennecott Wire and Cable Company
Walter G. Barney
Walter G. Barney
Vice-President"
"WGB:rmb

Ten other companies respondent to questionnaires prepared by appellant

which were accompanied by letters from appellant's vice president. Those letters are exemplified by the following:

"Schenectady Varnish Company, Inc.
P. O. Box 1046
Schenectady 1, N. Y.
"January 27, 1958
"Louis Allis Co.,
427 E. Stewart Ave.,
Milwaukee, Wis.
"Attn: Mr. Ken A. Larson,
Buyer.
"Dear Mr. Larson:

"We have in process, patent [sic] application for registration of our trademark.

"To substantiate our claim that this is—and has been for many years—well known throughout the trade, we have been asked to contact, at random, various accounts and request that they fill in the attached questionnaire, without prompting.

"In view of our long business association with your company, may we ask your help in this matter? You may be sure your return of the enclosed executed questionnaire to us will be very much appreciated.

"Very truly yours,
Schenectady Varnish Co., Inc.
Vice-President.
"JB Emans:j
Encl. (1)"

The questionnaire presented appellant's and two other designs and requested their identification. Nine chose appellant's design as the trademark with which they associated appellant's products. The tenth undoubtedly intended to do likewise but mistakenly placed its own name where appellant's was supposed to have been written.

Although those twenty-one companies all have a business relationship with appellant and the form which the responses took were conceived by appellant, there is no reason for us to believe that the officers of those companies failed to tell the truth in order to help appellant prove its case. There is nothing in the record to indicate that any of the questionnaires were not returned, or if returned militated against appellant's cause, or that any requests for answers were not responded to. We will not speculate as to these matters since it is our function to consider the record as presented. When we follow that course here we can only conclude that appellant has satisfactorily shown that its mark has acquired secondary meaning within the purview of section 2(f) of the Lanham Act. Even though the number of questionnaires and letters is not great, since there is no evidence to the contrary and the results of the survey do not seem unlikely when the design itself and the length of time it has been used by appellant are considered, we are satisfied that appellant has shown secondary meaning and as such is entitled to have its design registered upon the principal register.

We have considered our previous cases [2] which were cited by the board and find nothing in them inconsistent with our holding here since we do not consider this device to be merely background display.

The decision of the Trademark Trial and Appeal Board is reversed.

Reversed.

WORLEY, C. J., and KIRKPATRICK, J., concur in result only.

2. In re Hillerich & Bradsby Co., 204 F. 2d 287, 40 CCPA 990; In re Swift & Co., 223 F.2d 950, 42 CCPA 1048; In re

E. J. Brach & Sons, 256 F.2d 325, 45 CCPA 998.