59 CCPA

**Application of CHICAGO RAWHIDE MANUFACTURING CO.**

**Patent Appeal No. 8658.**

United States Court of Customs and Patent Appeals.

March 2, 1972.

Rehearing Denied April 27, 1972.

Griest, Lockwood, Greenawalt, & Dewey, attorneys of record, for appellant;

James T. Fitzgibbon, Fred S. Lockwood, Chicago, Ill., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Fred E. McKelvey, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and ROSENSTEIN, Judge, United States Customs Court, sitting by designation.

ALMOND, Judge.

Chicago Rawhide Manufacturing Co. appeals from the decision of the Trademark Trial and Appeal Board, 161 USPQ 553 (1969), adhered to on reconsideration, affirming the examiner in finally refusing to register the letters "DF," as a trademark for "Mechanical Seals, Which Are Fluid Retaining And Protecting Units For Shafts, Housings And Related Structures."

The application[1] in its amended form states, "The mark is used by applying it to packing slips accompanying the goods." The application per se does not define the term "packing slips" nor indicate the scope and meaning of "accompanying" in the context of the application of the mark to the goods. In the remarks submitted with the amendment to the application, however, it is stated that the "specimens are packing slips which actually accompany the goods in containers in which the goods are shipped."

Registration was refused by the examiner on the ground that appellant did not submit proper specimens evidencing trademark use as required by Rules 2.56 and 2.57. It was the examiner's position that the use of the mark on "packing slips" did not constitute use in commerce within the meaning of sections 1 and 45 of the Lanham Act (15 U.S.C. §§ 1051, 1127). The board affirmed, holding that:

The subject matter of this application is not used on the goods nor on their containers nor on tags nor on labels affixed to the goods. Nor is the "mark" used on "displays" associated with the goods. The specimens submitted are as stated therein "invoices" and since "invoices" are not comprehended as a means of "affixation" by the statute, we conclude that the specimens of record do not indicate any trademark use in commerce of the matter sought to be registered.

Appellant requested reconsideration on the ground that "it appears that the Board based its decision on the assumption that the submitted specimens were actually *invoices* * * *, rather than *packing slips*, which the specimens actually are" (emphasis supplied).

The board responded that:

The specimens on hand are specifically identified thereon as invoices. Further it is our opinion that the particular specimens filed with the application whether applicant calls it a "packing slip" or an invoice, as it is identified, do not evidence proper trademark use as would constitute use in commerce within the purview of Section 45 "Use in commerce."

The issue to be resolved is whether the use of a mark on a copy of an invoice which is inserted in the package with the goods is a *use* in commerce under §§ 1 and 45 of the Lanham Act.

The Lanham Act, section 1 (15 U.S.C. § 1051), provides:

The owner of a trade-mark *used* in commerce may register his trade-mark under this Act * * *. [Emphasis supplied.]

Section 45 (15 U.S.C. § 1127) provides in part:

For the purposes of this Act a mark shall be deemed to be *used* in commerce (a) on goods when it is placed in any manner *on* the goods or their containers or the displays associated

[1]. Serial No. 241,430 filed March 21, 1966.

therewith or on the tags or labels affixed thereto and the goods are sold or transported in commerce   *   *   *. [Emphasis supplied.]

■ It is well settled that to come within the purview of the Lanham Act, a mark must not only be used as a trademark but also it must be used as a trademark in commerce. In re Lyndale Farm, 186 F.2d 723, 38 CCPA 825 (1951). Both are part of the use in commerce requirement. Here the "in commerce" part of the requirement is not in issue. Rather the question is whether DF has been "used" as a trademark on the goods as set forth in section 45.

We are persuaded from the facts adduced of record and the logical conclusions deducible therefrom that appellant has not used the mark which it seeks to register in the manner required by the Lanham Act. There is no indication that the mark has been used *on* appellant's seals or *on* the containers in which seals are sold or transported in commerce. We find nothing more than use of the mark on a carbon copy of an invoice which copy accompanies the goods "*in* containers in which the goods are shipped." Such does not constitute use *on the goods* as required by the clear and unambiguous language of section 45 of the Lanham Act.

Appellant contends that prior decisions of the Trademark Trial and Appeal Board and the Commissioner of Patents sustain its position that the instant mark is entitled to registration. While we think these decisions are for the most part distinguishable from the instant appeal, suffice it to say that they are not binding here. In re E. J.

Brach & Sons, 256 F.2d 325, 45 CCPA 998 (1958).

In particular, appellant directs our attention to Ex parte Campana Corp., 51 USPQ 326 (Com.Pat.1941), where it was held that affixation of the mark on a leaflet inserted in cartons containing the goods was sufficient. However, the decision in *Campana* arose under the provisions of the Act of 1905. A reading of that act makes it clear that it was far broader and more inclusive in this regard than the Act of 1946. The Act of 1905, section 29, provided that:

> * * * a trade-mark shall be deemed to be "affixed" to an article when it is placed in any manner in or upon either the article itself or the receptacle or package or upon the envelope or other thing in, by, or with which the goods are packed or inclosed or otherwise prepared for sale or distribution.

We think it clear from a mere reading of the Act of 1905 in comparison with the Act of 1946 that Congress narrowed and made more restrictive, in some respects, the requirement for use in commerce. This is significant in the context of the present issue. The Act of 1946 requires, in specific language, that the mark be *on* the goods, *on* the package in which the goods are shipped, *on* displays associated therewith, or *on* tags or labels affixed thereto. Here, it is not used in any of these ways.

We have assessed appellant's arguments and considered the cases relied on; however, we are not persuaded of reversible error in the decision of the board refusing to register appellant's mark. That decision is affirmed.

Affirmed.

BALDWIN, J., concurs in result.