Ray PRATHER, Plaintiff-Appellee
Cross-Appellant,

v.

Carey PRATHER, d/b/a Mallard Farms,
Defendant-Appellant Cross-Appellee.

No. 80–3332.

United States Court of Appeals,
Fifth Circuit.
Unit A

July 7, 1981.

Edward J. Bogen, Jr., Leland, Miss., Timothy A. Jones, Lafayette, La., for defendant-appellant cross-appellee.

Young & Burson, I. Jackson Burson, Jr., M. Terrence Hoychick, Eunice, La., for plaintiff-appellee cross-appellant.

Before BROWN and TATE, Circuit Judges, and SMITH \*, District Judge.

PER CURIAM:

Defendant-appellant brings this appeal from a final judgment entered pursuant to a jury verdict holding him liable to plaintiff-appellee for breach of contract and assessing damages at $9,302.00. The issue before us is whether the trial court erred by allowing third-parties to testify concerning statements made to them by plaintiff about the terms of his employment agreement with defendant. For the reasons discussed below, we hold that the admission of this testimony was prejudicial error, and therefore reverse and remand for a new trial.

I.

In 1975, Carey Prather, defendant-appellant, hired Ray Prather, plaintiff-appellee, to manage and operate a farm in Northern Louisiana. Appellee worked on appellant's

---

\* District Judge of the Northern District of Mississippi, sitting by designation. Judge Orma R. Smith was a member of the panel that heard oral arguments, but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. 46(d).

farm for approximately two years. For the first eighteen months, appellee was paid a salary of $500.00 per month. For the last six months, his salary was raised to $600.00 per month. He was also provided a place to live, and was paid several thousand dollars in bonuses over the two-year period. The employment relationship between appellant and appellee was terminated at the end of 1976.

In December of 1977, appellee brought this action seeking to recover over $17,000 allegedly owed him under his employment agreement with appellant. Neither party disputes the fact that an oral employment agreement existed during the years 1975 and 1976. The dispute is over the terms of the agreement, and whether appellant breached the agreement.

Appellee contends that he was promised a salary of $1,000.00 per month, housing and utilities, a $3,000 yearly bonus, and compensation for the use of certain of his equipment, if he would manage and operate appellant's farm. Appellant, on the other hand, contends that he and appellee did not agree on any particulars; rather, the agreement was that if appellee would come to work for appellant, he would pay him a fair wage and take good care of him.

At the trial, appellee, to support his version of the agreement, produced two witnesses who testified that appellee told them of his agreement with appellant and that the terms of the agreement, as related to them by appellee, were consistent with appellee's present contention.[1] Appellant objected to the testimony as being inadmissible hearsay. The trial court in overruling the objection and allowing the testimony,[2] stated:

Ladies and gentlemen of the jury, the testimony generally of a witness as to his knowledge of a fact based upon what others have said is inadmissible hearsay.

Statements of intent, knowledge, and state of mind are exceptions to the hearsay rule. They are admissible, even though the declarant is available as a witness.

When the state of mind of a person at a particular time is relevant to a material issue in a case—and that is for you to decide—his declarations made at that time are admissible.

When evidence of the declarations of a person is introduced solely for the purpose of showing what the state of mind of that person was at the time the declarations were made, the declarations are regarded as acts from which the state of mind may be inferred, in the same manner as from the appearance of the person or his behavior or his actions generally.

They are not to be considered as the truth, that the statements are true. In other words, if you hear testimony as to what the plaintiff told someone as to the terms of the contract, that testimony does not go to the truth of the statement.

It is only offered to prove what his state of mind was at the time the statements were made, and the statements are only admissible to prove that.

With that instruction, I will overrule the objection on the basis of the Federal Rules of Evidence. . . .

---

1. Mr. Leland Pruitt owned and operated a farm nearby the farm owned by appellant and being operated by appellee. He became acquainted with appellee shortly after he moved to Louisiana to manage appellant's farm. He was allowed to testify that appellee told him that he was to receive a salary of $1,000.00 per month and a year end bonus of $3,000.00 as compensation for managing appellant's farming operation. He was also allowed to testify that appellee told him that appellant had agreed to compensate appellee for the use of his equipment on the farm.

   Mr. Raymond Loewer was a neighbor of appellee in Branch, Louisiana, where appellee lived before he moved to go to work for appellant. He was allowed to testify that appellee told him that appellant was going to pay him $1,000.00 per month plus a $3,000.00 bonus at the end of the year to move to Northern Louisiana and manage appellant's farming operation. Mr. Loewer also testified that appellee told him he would be compensated for the use of the farming equipment he was taking with him.

2. Appellant's hearsay objection and the ruling by the court were originally made during appellee's testimony. However, the objection was continuing in nature and was served on both occasions that the witnesses testified concerning what appellee told them about the terms of the agreement.

The objection ... made to the introduction is made general. That means each time similar testimony is offered and received, he will not have to object to it.

## II.

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Generally, hearsay is inadmissible. Fed.R.Evid. 802.

It is clear that the testimony of the witnesses, Mr. Pruitt and Mr. Loewer, concerning the statements made to them by appellee was hearsay. These two witnesses were allowed to relate to the jury statements made to them by appellee. These statements were offered to prove the truth of the matter asserted, that is, what appellee thought were the terms of his agreement with appellant. Notwithstanding the hearsay character of the testimony, the trial court allowed it under the then existing state of mind exception to the hearsay rule. Fed.R.Evid. 803(3).

■ Fed.R.Evid. 803(3) allows into evidence statements, otherwise hearsay, whose purpose is to establish the declarant's state of mind. There is very little precedent in this Circuit or elsewhere on the scope of the state of mind exception to the hearsay rule. However, it is clear that before a statement, otherwise hearsay, can be admitted under 803(3) to show the declarant's then existing state of mind, the declarant's state of mind must be a relevant issue in the case. *United States v. Ponticelli*, 622 F.2d 985, 991 (9th Cir. 1980); *Executive Employment Service, Inc. v. Executives Unlimited, Inc.*, 180 F.Supp. 258, 262 (E.D.Pa.1960). Furthermore, determining whether the declarant's state of mind is relevant is a question for the court. *United States v. Ponticelli*, 622 F.2d at 991.

The trial court in this case did not properly carry out this function. Rather, in allowing the jury to hear the testimony, it stated to the jury:

When the state of mind of a person at a particular time is relevant to a material issue in a case—*and that is for you to decide*—his declarations made at that time are admissible [emphasis added].

When state of mind is a relevant issue, it is for the jury to determine what the state of mind is. However, it is for the court to determine whether state of mind is a relevant issue.

■ If the trial court had performed this duty, then it likely would have found, as we now find, that the declarant's state of mind at the time he made the statements about which Mr. Pruitt and Mr. Loewer testified, is not a relevant issue in this case. Both appellant and appellee admitted that the oral employment contract between them existed. The only controversy is over the terms of that agreement. What appellee thought the terms of the contract were is relevant only if those were in fact the terms of the contract. Appellee was allowed to testify, and properly so, as to his understanding of the terms of the agreement. However, he should not have been allowed to bolster that testimony with testimony from third parties as to what he told them about the terms of the agreement, where the only relevance for such testimony is to establish the truth of the statements, that is, the true terms of the agreement. Such testimony is specifically excluded from the scope of Rule 803(3) when it provides that the exception therein does not apply to a "statement of memory or belief to prove the fact remembered or believed."

## III.

Having found that the evidence was improperly admitted, we must now address the question of whether the error was harmless or prejudicial. We are required to disregard this error if to do so would not affect the substantial rights of the parties. Fed.R.Civ.P. 61.

After a review of the record in this cause, we are compelled to conclude that the error committed was not harmless. The sole issue being litigated was the terms of the contract between appellee and appellant. Both parties testified as to their respective

understanding of the terms of the agreement. Appellee was then allowed to put on witnesses who testified what appellee told them the terms of the agreement were. This testimony was consistent with appellee's testimony concerning the terms of the agreement. The jury returned a verdict for appellee, albeit not for the full amount prayed for.

We conclude that, despite the limiting instructions given by the court,[3] the jury was likely influenced by the improperly admitted testimony in reaching its verdict. Therefore, the error was prejudicial and affected appellant's substantial rights.

## IV.

Because we conclude that it was error to allow the third-parties to testify concerning what appellee told them about the terms of his agreement with appellant and that the error was not harmless, but prejudicial to the substantial rights of the appellant, this cause is reversed and remanded to the court below for a new trial consistent with this opinion.

REVERSED AND REMANDED.

**3.** The trial court on two different occasions instructed the jury that they were to consider the testimony of Mr. Pruitt and Mr. Loewer only in determining the state of mind of appellee.