MORRIS JEWELERS, INC., d/b/a Morris Jewelers and Johnson's Jewelers, Inc., Plaintiffs-Appellees,

v.

GENERAL ELECTRIC CREDIT CORPORATION, Defendant-Appellant.

No. 82–1597
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 6, 1983.

Strasburger & Price, George C. Dunlap, P. Michael Jung, Dallas, Tex., for defendant-appellant.

Carrington, Coleman, Sloman & Blumenthal, Robert L. Blumenthal, Frank Michael Prince, Dallas, Tex., for plaintiffs-appellees.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Morris Jewelers, Inc., doing business as Morris Jewelers (Morris) and Johnson's Jewelers (Johnson's), brought suit against the General Electric Credit Corporation (GECC) claiming breach of contract, and associated claims of fraud, negligence, deceptive trade practices, and usury. The claims grew out of an arrangement under which GECC purchased the accounts receivable of the jewelry stores as a collection agency to collect those accounts. Morris and Johnson's asserted that GECC mishandled these accounts with the result of serious loss of goodwill to the jewelry businesses.

The jury found a breach of contract by GECC but found that the breach of contract did not result in any reasonably foreseeable damages to Morris and Johnson's. The jury also found for Morris and Johnson's on the negligence claim, but found that Morris and Johnson's were contributorily negligent. The jury found that the total causal negligence to the jewelers should be apportioned 75% to GECC and 25% to Morris, and 95% to GECC and 5% to Johnson's. In assessing damages based upon lost net profits, diminished goodwill, time, labor and expense, the total amount of damage to Morris was found to be $348,000 and to Johnson's $564,000. Under the Texas Comparative Negligence Statute, Tex.Rev.Civ.Stat. art. 2212a, the district court followed the percentages found by the jury and awarded judgment to Morris for $261,000 and to Johnson's for $535,800. GECC appeals.

The only issue raised on this appeal is the admission in evidence of hearsay letters and statements from customers of Morris and Johnson's indicating their anger at how their accounts were being handled at the time GECC was handling the charge accounts. These statements were used as one means of proof of the loss of goodwill by Morris and Johnson's as a result of GECC's actions and also of proof of continuing anger up to the time of trial by the refusal of twelve former customers of the two jewelers to come and testify because of their anger directed at the jewelers.

The jewelers undertook in three ways to prove their case of loss of goodwill as a result of defendant's handling of the charge accounts. First, through testimony and records of the company they proved the loss of substantial numbers of regular charge customers. Second, they introduced the testimony of expert witnesses on business goodwill who testified as to the impact on the business goodwill of the kinds of billing errors which were being made during the time GECC handled the accounts. Finally, they introduced in evidence letters from customers indicating the errors which were being made in their charge accounts, the dunning for payments which were not owed, and the demeaning tone of collection letters, resulting in the ensuing anger of the customers. To prove the anger of the customers, they also put on the stand employees who testified as to various verbal complaints and expressions of anger they had received from customers. Finally, the jewelers put in evidence by the testimony of the owners of the businesses that an attempt had been made to get former cus-

tomers to testify on behalf of the jewelers but they had refused to do so because of their anger as a result of the billing difficulties under their charge accounts.

The issue on appeal is the admissibility in evidence of these hearsay letters and verbal hearsay statements of customers and former customers. This evidence was admitted by the court under Fed.R.Evid. Rule 803(3) on the ground that the statements revealed a "then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), ...." The trial judge was meticulously careful in instructing the jury that the statements contained in the letters and the verbal statements were admitted solely for the purpose of showing the state of mind of the writers.

Appellants object to the admission of this evidence on the ground that it does not actually fall within the exception of Rule 803(3), or that if it does it was unduly prejudicial. They rely in large measure upon our decision in *Prather v. Prather,* 650 F.2d 88 (5th Cir.1981). *Prather* involved a suit for breach of an oral employment contract. Each party testified as to the terms of the contract. The plaintiff, however, also produced witnesses who testified as to what the plaintiff had told them was his understanding of the contract. The trial court admitted this evidence on the ground that it revealed the plaintiff's state of mind. On appeal we reversed, holding that the hearsay exception does not authorize the admission of hearsay evidence as to state of mind unless the state of mind is relevant. In *Prather,* 650 F.2d at 90, we held that the state of mind was not relevant because the issue was the terms of the contract, not plaintiff's state of mind concerning those terms. In contrast, the angry state of mind of the customers of Morris and Johnson's was not only relevant beyond cavil, it actually was the core of the case. Anger of customers translates into loss of goodwill. Without the proof of the anger of the customers, proof concerning loss of goodwill falls short.

Nor can we conclude, as is urged by appellants, that the admission of these letters and statements from customers was unduly prejudicial. Whatever prejudice was involved had to do with the actual issue in the case. The anger was significant in measuring the amount of damages for the loss of goodwill. It was prejudicial only in the sense that proof of plaintiff's case was prejudicial to the defendant.

Finally, appellants claim that the errors which caused the loss of goodwill were committed before the contract with GECC and also that some of them were traceable to Morris and Johnson's. This argument challenges the jury findings which are not at issue on this appeal. It is true that angry customers standing alone prove nothing. But the relevant question is what induced the state of mind. The evidence in this record is ample to show a substantial increase in the number and severity of billing errors resulting from GECC taking over the credit programs of the two jewelers. The jury could properly conclude these errors caused the loss of customers and the loss of goodwill.

On the issue before us, the matter of the discretion of the trial judge is of the utmost importance. Many years ago in *Buckeye Powder Co. v. E.I. duPont de Nemours Powder Co.,* 248 U.S. 55, 65, 39 S.Ct. 38, 40, 63 L.Ed.2d 123 (1918), the Supreme Court said that an appellate court "should be slow to overturn a judgment on the ground of either the exclusion or the admission of" statements by third persons of their reasons for ceasing to do business "except in a very strong case". GECC claims this is a strong case because of the size of the goodwill award in favor of Morris and Johnson's. Yet GECC does not challenge the amount of the award as such.

We must conclude that within the discretion of the court, and in view of the other effective proofs of the loss of goodwill, there was nothing improper or unduly prejudicial in allowing the introduction in evidence under proper limiting instructions of the hearsay statements of customers indicating their anger resulting in the loss of goodwill of the jewelry stores.

The specific issue is raised concerning testimony that certain former customers

when asked had refused to testify on behalf of the jewelers because they were so angry at them. This evidence was offered during the plaintiffs' case in chief and was ruled inadmissible on objection by the defendant. The evidence was offered again in rebuttal, and at that time, over objection the court permitted it. Its purpose at that time was to establish that the loss of goodwill was continuing up to the time of trial. This was properly in rebuttal to evidence introduced by GECC in its defense that some of the customers who had been angered had begun to come back to the stores and that the customer base of the stores was revitalizing. The continuing anger of customers up to the time of trial was in specific rebuttal of that evidence. It was admissible under Rule 803(3) as relevant state of mind evidence of the third party declarants.

After carefully considering the contentions of the parties based upon the extensive record in this case, we hold that the trial court was not in error in admitting in evidence the state of mind hearsay declarations of angered customers of Morris and Johnson's. We, therefore, affirm the jury verdict and the decision of the district court.

AFFIRMED.