Amaie JACKSON, Appellant,

v.

Minnie YOUNG, Appellee.

No. 87–438.

District of Columbia Court of Appeals.

Submitted May 2, 1988.
Decided Sept. 2, 1988.

---

David J. Cohen, Washington, D.C., was on the brief, for appellant.

Jane Moretz Edmisten, Washington, D.C., was on the brief, for appellee.

Before PRYOR, Chief Judge, and ROGERS and STEADMAN, Associate Judges.

ROGERS, Associate Judge:

In this appeal we must decide whether the trial court erred in admitting into evidence a life insurance form signed by the decedent to show his state of mind at the time of making the statement. The issue arose in connection with appellant Amaie Jackson's effort to establish that she was the common law wife of the decedent and therefore entitled to inherit as an heir at law and to be appointed personal representative of the decedent's estate. We hold that the insurance form was properly admitted under the state of mind exception to the hearsay rule. Accordingly, we affirm.

## I

Horace Gibbs died intestate on November 4, 1981, at the age of seventy-one. On March 5, 1982, his sister, Minnie Young, was appointed the personal representative of his estate. D.C.Code § 20–501 et seq. (1981). On August 12, 1982, appellant Amaie Jackson, who lived with Gibbs at the time of his death, filed a petition objecting to Young's appointment. Jackson, age thirty-nine, claimed she was Gibbs' common law wife and sought to be included in the list of his heirs at law, D.C.Code § 19–301 et seq. (1981), and permitted to replace Young as the estate's personal representative, who had been appointed without obtaining Jackson's waiver of her right to

apply for letters of administration. *Id.* § 20–303.

The issue at trial was whether Gibbs and Jackson had an express, mutual, present intent and agreement to be husband and wife followed by cohabitation in good faith. *Johnson v. Young,* 372 A.2d 992, 994 (D.C. 1977). Jackson testified that she and the decedent had lived together as man and wife, he gave her engagement and wedding rings, they had referred to each other as man and wife, and Gibbs had told some of his friends that they were married. She said that they had planned to have a wedding ceremony in February, 1982, but Gibbs had died before they had obtained a marriage license or taken the blood tests. *See* D.C.Code § 30–101 *et seq.* (1981). Other witnesses testifying on Jackson's behalf were not entirely supportive of her testimony, and Young presented witnesses who portrayed a view of Jackson's relationship with the decedent that was directly at odds with Jackson's testimony.

Over Jackson's objection, the trial court admitted into evidence a life insurance policy form that was filled out and signed by Gibbs two weeks before he died, naming Jackson as a beneficiary and listing her as his fiancee. Jackson stipulated to the authenticity of the form but argued that it was inadmissible hearsay.[1] The trial court ruled that Jackson had not met her burden of proof to show by clear and convincing evidence the existence of a common law marriage.[2] The court found:

> At best, the facts relied on by [Jackson] are inconclusive. Although there was testimony the decedent referred to [Jackson] as his "wife" on one or two occasions, his designation of her as his fiancee on his insurance beneficiary form must be accorded greater weight. This is further supported by [Jackson's] own

1. The decedent's death certificate, listing his status as widowed (his wife Hester being dead), and a newspaper obituary describing Jackson as a friend of the decedent, were also admitted into evidence; no issue regarding the admissibility of this evidence has been raised on appeal.

2. Appellant's contention that the trial court's factual findings ignored certain evidence and

were clearly erroneous is without merit. D.C. Code § 17–305(a); *Auxier v. Kraisel,* 466 A.2d 416, 418 (D.C.1983). Appellant has not raised, either in the trial court or on appeal, any argument that the trial court applied an incorrect standard of proof. *See East v. East,* 536 A.2d 1103, 1106 (D.C.1988) (common law marriage provable by a preponderance of the evidence).

testimony that she and the decedent planned to marry in February but were precluded from doing so due to the decedent['s] death in October of the earlier year. Thus, although the Court finds [Jackson] and the decedent did cohabitate, the facts do not establish that an express mutual present agreement existed to support a finding of a common-law marriage between the parties.

## II

Jackson contends that the trial court erred in admitting into evidence a life insurance form designating Jackson as Gibbs' fiancee because it is an out-of-court statement offered to prove the truth of the matter asserted and thus is inadmissible hearsay. We disagree.

The insurance form was admitted for the limited purpose of showing Gibbs' state of mind at the time he signed the form. As such, the form was properly admissible under the well recognized state of mind exception to the hearsay rule. " '[T]he state of mind exception to the hearsay rule allows the admission of extra-judicial statements to show the state of mind of the declarant ... if that is at issue in the case.' " *Clark v. United States*, 412 A.2d 21, 25 (D.C.1980) (quoting *United States v. Brown*, 160 U.S.App.D.C. 190, 194, 490 F.2d 758, 762 (1973)); *see Nick Bombard, Inc. v. Proctor*, 47 A.2d 405, 408 (D.C.1946) (to show lack of willfulness); *Savoy v. Savoy*, 94 U.S.App.D.C. 411, 413–14, 220 F.2d 364, 366–67 (1954) (to show intent regarding tearing of will); *Lee v. Mitcham*, 69 App.D.C. 17, 20, 98 F.2d 298, 301 (1938) (intent regarding purchase or payment of debt from notations on bank notes); *Chichester Chem. Co. v. United States*, 60 App.D.C. 134, 136, 49 F.2d 516, 518 (1931) (to show absence of intent to deceive); *Marcalus Manufacturing Co. v. Watson*, 156 F.Supp. 161, 164 (D.D.C.1957), *aff'd*, 103 U.S.App.D.C. 299, 258 F.2d 151 (1958); *see also* McCORMICK ON EVIDENCE § 294, at 844 (3d ed. 1984) (special assurance of reliability rests on spontaneity and probable sincerity of statement); 4 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE ¶ 803(3)[03] (1987); FED.R.EVID. 803(3).[3] Our recent decisions have recognized the state of mind exception to the hearsay rule in homicide cases where the declarant's statements have been offered to show future conduct or mental state, and not, as in the instant case, to show the declarant's present state of mind. *See, e.g., Clark, supra*, 412 A.2d at 29 (declarant's statement of future intent is admissible to show that act at issue was performed); *Bennett v. United States*, 375 A.2d 499, 502–03 (D.C.1977) (homicide victim's antecedent declarations of fear of defendant relevant to claim of self-defense; citing cases).

Gibbs' state of mind was the central issue in the case, and the evidence was highly relevant. The insurance form was not

---

3. *See also, e.g., Business Electronics Corp. v. Sharp Electronics Corp.*, 780 F.2d 1212, 1219–20 (5th Cir.1986) (corporate documents admitted under state of mind exception to show defendant officer's belief in their contents), *aff'd*, 108 S.Ct. 1515, *cert. denied*, —— U.S. ——, 108 S.Ct. 1727, 100 L.Ed.2d 192 (1988); *United States v. Southland Corp.*, 760 F.2d 1366, 1376 (2d Cir.) (notes of internal corporate investigation admitted as nonhearsay or under state of mind exception to show general counsel's perception of nature of "legal fees" in tax fraud case), *cert. denied*, 474 U.S. 825, 106 S.Ct. 82, 88 L.Ed.2d 67 (1985); *Piper Aircraft Corp. v. Wag–Aero, Inc.*, 741 F.2d 925, 931 (7th Cir.1984) (consumer survey admitted under state of mind exception to show likelihood of consumer confusion about product lines); *Worsham v. A.H. Robins Co.*, 734 F.2d 676, 687 (11th Cir.1984) (documents admitted under state of mind exception to demonstrate company's lack of concern about liability); *Morris Jewelers, Inc. v. General Elec. Credit Corp.*, 714 F.2d 32, 34 (5th Cir.1983) (customer letters and statements admitted to show state of mind); *MCI Communications v. American Tel. & Tel. Co.*, 708 F.2d 1081, 1141–42 & n. 91 (7th Cir.) (written decision by FCC admitted to reveal FCC's state of mind as to what it believed its own order meant), *cert. denied*, 464 U.S. 891, 104 S.Ct. 234, 78 L.Ed.2d 226 (1983); *Seattle–First Nat'l Bank v. Randall*, 532 F.2d 1291, 1295 (9th Cir.1976) (diaries kept by decedent admitted to show that she was aware she was becoming forgetful); *Lingham v. Harmon*, 502 F.Supp. 302, 306 (D.Md.1980) (testimony admitted as nonhearsay or under state of mind exception to show intent to change beneficiary of life insurance policy).

admitted for the purpose of proving that Jackson, in fact, was Gibbs' fiancee. Rather, the insurance form, signed by Gibbs only two weeks before his death and designating Jackson as his fiancee, was admitted to show that Gibbs did not believe that he was married to Jackson. Accordingly, we find no error by the trial court in admitting the form into evidence, and affirm the judgment.